INEZ H. BROWN v. RAYMOND AVERETTE, EXECUTOR OF THE ESTATE OF LUTHER M. RAY, AND RAYMOND AVERETTE, J. W. PRIVETTE, AND GWENDOLYN F. PRIVETTE, INDIVIDUALLY

No. 8210SC1261

(Filed 17 April 1984)

**Malicious Prosecution § 12— sufficiency of allegations of special damages**

Plaintiff's complaint sufficiently alleged special damages to support a malicious prosecution action where it alleged that a prior suit brought by defendants to set aside a deed on the ground that plaintiff and her husband had induced an incompetent to convey land to them through fraud and undue influence had created a cloud on her title which prohibited her from profiting from the tobacco acreage on the land and from conveying a portion of the land to her son as she had promised, notwithstanding there was no allegation that attachment, injunction or *lis pendens* had been used.

APPEAL by plaintiff from *Smith, Judge.* Order entered 27 August 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 21 October 1983.

This malicious prosecution suit was dismissed pursuant to Rule 12(b)(6) of the Rules of Civil Procedure for failing to state a claim upon which relief can be granted.

In the *prior* case that is the basis for this case plaintiff and her husband were sued by the guardian of Luther M. Ray, incompetent, and after Ray died the case was pursued to a conclusion by his executor, Raymond Averette. The complaint alleged that plaintiff and her husband, through fraud and undue influence, had induced the incompetent to convey certain real estate to them, and therefore the conveyance should be cancelled and set aside. No *lis pendens* was filed. When the case was tried a directed verdict dismissing the claim with prejudice was entered, from which no appeal was taken.

In *this* case, in addition to alleging the history of the prior case, the plaintiff alleges, in substance, that it was initiated and continued by the representatives of the incompetent-decedent with the assistance, connivance, and support of the individual defendants; and that all of the defendants were actuated by malice and ill will toward plaintiff and her husband and knew that the case had no factual or legal basis and had "no possibility of success." Plaintiff's damages allegation is as follows:

[P]laintiff has suffered great injury to her reputation, she has lost time from work which had to be made up at times inconvenient to her and her family, she has been greatly embarrassed in the community in which she resides, she has had to hire legal counsel to defend her and to protect her rights, she has been deprived of the society of her family because of the tension that arose from the threat of incurring a large judgment against she and her husband and the possibility of the losing all of her property, and because of this threat she was unable to convey certain real property to her son that she had promised to do, she was unable to profit from the tobacco acreage on the property conveyed to her by her uncle because of the cloud on title caused by the filing of the lawsuit against she and her husband, she has suffered mental anguish and as a cancer victim such condition which defendants knew or should have known existed, she was put under constant stress, unable to sleep properly, all of which plaintiff believes was injurious to her health and further in addition

to costs for counsel she has incurred other costs to defend the action against her. . . .

*William A. Smith, Jr. for plaintiff appellant.*

*Johnson, Gamble & Shearon, by David R. Shearon and M. Blen Gee, Jr., for defendant appellee Raymond Averette.*

*J. Michael Weeks for defendant appellees J. W. Privette and Gwendolyn F. Privette.*

PHILLIPS, Judge.

Malicious prosecution claims based on prior court proceedings of a civil nature are enforceable in this state. Byrd, *Malicious Prosecution in North Carolina*, 47 N.C. Law Review 285 (1969). According to some of the most cited and quoted decisions in this field, such claims have the following requirements: (1) the prior action was against plaintiff; (2) it was brought, instigated or supported by the defendant; (3) in doing so the defendant acted with malice and without probable cause or justification; (4) the action terminated in plaintiff's favor; and (5) because of the action plaintiff was specially damaged in a way different from the way that everyone is damaged who is sued unsuccessfully. *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979); *Carver v. Lykes*, 262 N.C. 345, 137 S.E. 2d 139 (1964). Though not material to the determination of this appeal, since the plaintiff alleges that the defendants acted maliciously in the prior action, it is interesting that a decision written by one of the state's most venerated jurists more than a century and a quarter ago indicates that requiring malice in these actions is not well founded. In that case, based on an unwarranted attachment of plaintiff's property, one of the earliest involving litigation of this type, Justice (later Chief Justice) Pearson noted that malice is required for cases based on prior criminal prosecutions because it is the policy of the law to encourage people to bring criminals under control of the courts, but that those who wrongfully instigate or pursue spurious civil actions are protected by no such policy. "It is a matter between private citizens, and if the wrongful act of one causes loss to another, there is no reason why compensation should not be made." *Kirkham v. Coe*, 46 N.C. 423, 429 (1854). Be that as it may, the only requisite listed above that is not indisputably alleged in plaintiff's complaint is the last one concerning special damages.

Thus, the outcome of the appeal depends upon that allegation; if it is sufficient the judgment appealed from must be reversed, if it is insufficient the judgment must be affirmed.

Certainly, the allegations that plaintiff was obliged to devote both time and money to the prior case and was greatly embarrassed and upset because of it do not help to lay out a claim that our law can enforce. Embarrassment, expense, inconvenience, lost time from work or pleasure, stress, strain and worry are experienced by all litigants, to one degree or another, and by themselves do not justify additional litigation. But the allegations that because of the cloud on her title that the prior suit created she was unable to convey some of the land to her son, as she had promised to do, and was unable to profit from the tobacco acreage on the property, complete the statement of an enforceable claim, in our opinion. An interference with the use, enjoyment, transfer of, and profit from property is not the inherent and usual result of all civil litigation; and her allegation that the case of the defendants had those damaging effects gives her the right, under the law, to try and prove that that is the fact. A holding to the contrary would require a determination that plaintiff could not be entitled to any relief under any evidence that might be presented in support of the claim, *Presnell v. Pell*, 298 N.C. 715, 260 S.E. 2d 611 (1979), or that her allegations are not supportable by evidence. For reasons that seem obvious to us, we are not prepared to make either determination. Instead, we hold that the special damages requirement for these actions has been adequately alleged and that it was error to dismiss plaintiff's complaint. That we do not know how plaintiff proposes to prove her allegations is beside the point. Our only duty now is to evaluate the adequacy of her allegations; whether she can prove them is another matter that will have to be determined later.

The defendants' reliance upon the fact that the complaint does not allege any overt seizure or technical interference with plaintiff's property—such as an attachment, as in *Brown v. Guaranty Estates Corp.*, 239 N.C. 595, 80 S.E. 2d 645 (1954); or a *lis pendens*, as in *Chatham Estates v. American National Bank*, 171 N.C. 579, 88 S.E. 783 (1916); or an injunction, as in *Shute v. Shute*, 180 N.C. 386, 104 S.E. 764 (1920)—is misplaced. The law does not grant redress just when certain civil procedures or devices are used; it grants redress to parties that are damaged in

ways that the usual civil litigant is not. Furthermore, there is no reason to believe that the procedures utilized in the cases referred to are the only means by which parties can be damaged by civil litigation. Indeed, when some of these cases were decided tobacco allotments and many other valuable, modern property interests were unknown; and that the owners of such interests can be damaged by civil actions even when no attachment, injunction, or *lis pendens* is used, is a possibility that we are not prepared to deny. Nor do we accept the defendants' contention that plaintiff could not have been damaged, as alleged, since the public was not technically put on notice of defendants' claim by a *lis pendens*, and therefore plaintiff could have sold, leased, or given the property or tobacco allotments to someone that did not know of the lawsuit. The title to plaintiff's property was being contested in court, and we reject the notion that everyone, or even most people, would sell, lease or give away land so beclouded, or would encourage or even permit one to start a tobacco crop on it, without disclosing the fact that a burden, instead of a benefit, might be received. The law does not penalize candor and fair dealing, and if it should be established that the defendants' lawsuit prevented plaintiff from conveying her property or profiting from her tobacco acreage in transactions based on a full disclosure of the facts, the law will not deny her redress.

Reversed.

Judges WEBB and EAGLES concur.