799 F.2d 751
 5 Fed.R.Serv.3d 1087
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Haywood Allan CANNON, Appellant,
v.
J. Patrick EXUM and Tillie Parsons Beaman, Executrix of the
Estate of John William Beaman, Appellees.
 No. 86-1019.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 11, 1986.
Decided Aug. 13, 1986.
 
 Haywood Allan Cannon, appellant pro se.
 Reginald L. Watkins, Attorney General's Office, for appellee Exum.
 Jeffrey L. Miller; Norman B. Kellum, Jr., Beaman, Kellum & Stallings, for appellee Beaman.
 E.D.N.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before RUSSELL, PHILLIPS and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Haywood Cannon filed this civil rights complaint against state court judge J. Patrick Exum and against Tillie Beaman, executrix of the estate of John Beaman. Judge Exum presided at a September 28, 1981, hearing in the matter of Rachel Beaman Cannon versus Haywood Cannon, involving issues of visitation and child support arising out of the Cannons' divorce. Judge Exum ruled that Haywood was not to be allowed visitation, that he was to pay certain amounts in child support, and that he was to pay certain of Rachel's attorney's fees. Cannon claimed in his federal complaint that the evidence presented at the hearing did not justify the results obtained in the order, and that the order was, in fact, the product of a conspiracy between Judge Exum and Rachel's father, John Beaman. Cannon's conspiracy theory is predicated on his claim that he saw Beaman follow Judge Exum into the judge's chambers at the close of the hearing. Cannon surmises that, while in chambers, Beaman made inadmissible or false statements to Judge Exum which formed the basis of the adverse order. Cannon asserts that this "conspiracy" between Judge Exum and John Beaman violated his constitutional rights.
 
 
 2
 Judge Exum and Tillie Beaman, as executrix of her husband's estate, filed motions to dismiss and for summary judgment, raising several defenses. In an affidavit submitted with his motion for summary judgment, Judge Exum stated categorically that "Mr. Beaman never discussed the case of Cannon v. Cannon, nor did ---he mention to me anything concerning any matter connected with the case." In addition to these defensive motions, Tillie Beaman filed a motion for attorney's fees pursuant to 42 U.S.C. 5 1988 and a counterclaim charging abuse of process, malicious prosecution, and frivolous litigation.
 
 
 3
 Cannon failed to file a timely answer to Beaman's counterclaim, as a result of which Beaman obtained an entry of default pursuant to Fed. R. Civ. P. 55(a). Cannon subsequently moved to set aside the entry of default.
 
 
 4
 Upon consideration of these various motions, the district court granted the defendants' motions for summary judgment, awarded Beaman attorney's fees under 42 U.S.C. Sec. 1988 in the amount of $660, and denied Cannon's motion to set aside the entry of default. The issue of the damages to which Beaman was entitled on her counterclaim was set for trial before a jury. The jury awarded Beaman $2800 in damages, and Cannon noted this appeal.
 
 
 5
 We consider first the propriety of the entry of summary judgment in favor of the defendants. In entering summary judgment, the district court noted that the defendants had advanced several arguments, all of which had merit, but that the court did not need to address them all as it was clear that Cannon's suit was barred by the applicable three-year statute of limitations. See N.C. Gen. Stat. Sec. 1-52; Wilson v. Garcia, --- U.S. ----, 53 U.S.L.W. 4481 (Apr. J7, 1985); Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). On appeal, cannon argues that his federal complaint was timely filed by virtue of the tolling provision contained in Rule 41(a) of the North Carolina Rules of Civil Procedure.
 
 
 6
 Rule 41(a)(1) provides that a plaintiff may voluntarily dismiss an action without prejudice by filing a notice of dismissal at any time before he rests his case. The rule further provides in relevant part: "[i]f an action commenced within the time prescribed therefor ... is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal." Cannon filed a suit essentially identical to this one in state court on September 27, 1984, the last day of the limitations period. On April 15, 1985, he took a voluntary dismissal of that suit pursuant to Rule 41(a)(1). His federal suit was filed on April 4, 1985.
 
 
 7
 The Supreme Court's decision in Board of Regents v. Tomanio, 446 U.S. 478 (1980), established that federal courts "were obligated not only to apply the analogous [state] statute of limitations to federal constitutional claims, but also to apply [the state's] rule for tolling that statute of limitations," when application was not inconsistent with federal policy under lying the cause of action. Id. at 483; Scoggins v. Douglas, 760 F.2d 535, 537 (4th Cir. 1985). Perceiving no inconsistency be tween federal policy and the tolling provision of Rule 41(a)(1), see Scoggins, supra, at 538, we conclude that Cannon is entitled, should he fit within that rule, to take advantage of its provisions. See also Shuford v. K.K. Kawamura Cycle Co., 649 F.2d 261 (4th Cir. 1981); Haislip v. Riggs, 534 F. Supp. 95 (W.D.N.C. 1981).
 
 
 8
 The rule permits the filing of a new suit within one year after the taking of a voluntary dismissal. The one-year period begins to run upon the giving of notice of dismissal in open court, even if a written notice of dismissal is not filed until later. See Danielson v. Cummings, 300 N.C. 175, 265 S.E.2d 161 (1980). See also Shuford, supra. We have found no authority, however, for commencing the running of the one-year period prior to the giving of oral or written notice of dismissal. Such an interpretation of the tolling provision would conflict not only with the language of the rule, but also with the general understanding of the application of such provisions.
 
 
 9
 In view of the expressed purpose of the statutes, which is to permit a plaintiff whose suit has been terminated without a decision on the merits to bring a new suit within a prescribed time though the period of limitation had expired after the first suit was brought, it is held that a nonsuit suffered after the commencement of the new suit is not such a nonsuit as is contemplated by the statutes, and therefore does not bring the case within the period of limitation as extended,
 
 
 10
 Annot., 86 A.L.R. 1048, 1051 (1933). See also 51 Am. Jur. 2d, Limitation of Actions 5 312; 54 c.i.s., Limitations of Actions 5 287. We therefore conclude that the tolling provision of North Carolina Rule 41(a) is of no avail to Cannon, his federal suit having been filed.prior to dismissal of his state action, and that the district court properly found the complaint time-barred.
 
 
 11
 Moreover, although the district court found it unnecessary to reach the merits of the complaint in granting the defendants summary judgment, the court did determine that the complaint was frivolous prior to awarding attorney's fees against Cannon. The district court noted that Cannon's allegations of conspiracy were conclusory and conjectural, there being not a shred of evidence to support his assertion that a conspiracy took place between Beaman and Judge Exum. The court further took note of the number of other proceedings filed by Cannon in relation to the divorce action and found the circumstances strongly suggested that the lawsuit was instituted for the purpose of harassing the defendants.
 
 
 12
 A prevailing defendant may obtain attorney's fees under 42 U.S.C. 5 1988 if the plaintiff's claim "was frivolous, unreasonable or groundless." Lotz Realty Co. v. United States Department of Housing and Urban Development, 717 F.2d 929, 931 (4th Cir. 1983) (quoting Christiansburg Garment Co. v. EEOC, 434 U,S. 412, 422 (1978) ). Although a plaintiff's subjective bad faith is not a necessary prerequisite to a fee award against him, if a plaintiff is found to have brought the claim in bad faith, there is an even stronger basis for charging him with the attorney's fees incurred in defense of the claim. Christiansburg Garment, supra, at 421-22.
 
 
 13
 In finding Cannon's claims frivolous, the district court established the necessary basis for an imposition of fees under 5 1988. The record fully supports the district court's finding, and we therefore conclude that an award of fees was proper. As our review of the district court's calculation of the amount to be awarded reveals no error, we affirm the imposition of $660 in attorney's fees.
 
 
 14
 Remaining is Cannon's appeal from the default judgment entered against him on Beaman's counterclaim. Cannon contends that he should have received notice prior to the entry of default and that extenuating circumstances justified setting aside the default. The notice provision upon which Cannon relies relates, however, to the entry of judgment by default under Rule 55(b) rather than to the entry of default under Rule 55(a), and Cannon clearly had notice prior to entry of judgment. Nor do we find Cannon's explanation for his failure to answer so compelling as to require the district court to set aside the entry of default.
 
 
 15
 A party by his default, however, admits only the well pleaded allegations of fact. He "is not held to admit facts that are not well-pleaded or to admit conclusions of law." Nishimatsu Construction Co. v. Houston National Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (emphasis in original). See Thomson v. Wooster, 114 U.S. 104, 113 (1884) (default judgment may be lawfully entered only "according to what is proper to be decreed upon the statements of the bill, assumed to be true," and not "as of course according to the prayer of the bill"). On appeal, al though the defaulting party may not challenge the sufficiency of the evidence, he "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." Nishimatsu Construction, supra, at 1206. See also Ohio Central Railroad Co. v. Central Trust Co., 133 U.S. 83 (1890); Cragin v. Lovell, 109 U.S. 194 (1883); Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). Applying these principles, we conclude that the "well-pleaded allegations of fact" made in Beaman's counterclaim do not support the judgment rendered against Cannon.
 
 
 16
 Beaman's counterclaim was brought in three counts. In the first count, for abuse of process, Beaman charged that this complaint was brought for ulterior and improper purposes--to seek collateral review of state court orders, to harass the Bea man family, and to coerce confessions from Rachel Beaman in un related court proceedings. This count further charged that the action was brought maliciously and was a continuance of Cannon's misuse of the legal process. Beaman sought compensatory and punitive damages for the alleged abuse of process. In the second count, for malicious prosecution, Beaman charged that the prior state court action voluntarily dismissed by Cannon was instituted out of malice and that she was entitled to recover damages incurred due to this malicious prosecution. In the third count, for reasonable attorney's fees, Beaman charged that this complaint was frivolous and sought to recover attorney's fees incurred in its defense.
 
 
 17
 As Beaman had obtained by prior order her reasonable attorney's fees incurred in defense of this action, as permitted by 42 U.S.C. 5 1988, she could not again recover for the same claim as stated in the third count of her counterclaim. The validity of the $2800 judgment in her favor therefore depends on whether the allegations made in counts one and two stated a claim for abuse of process or malicious prosecution.
 
 
 18
 Abuse of process involves the malicious misuse or misapplication of the legal process after issuance to accomplish some purpose not warranted or commanded by the writ. Fowle v. Fowle, 263 N.C. 724, 728, 140 S.E.2d 398, 401 (1965). The tort
 
 
 19
 "requires both an ulterior motive and an act in the use of the legal process not proper in the regular prosecution of the proceeding." ... The ulterior motive requirement is satisfied when the plaintiff alleges that the prior action was initiated by defendant or used by him to achieve a collateral purpose not within the normal scope of the process used. The act requirement is satisfied when the plaintiff alleges that once the prior proceeding was initiated, the defendant com mitted some wilful act whereby he sought to use the existence of the proceeding to gain advantage of the plaintiff in respect to some collateral matter.
 
 
 20
 Stanback v. Stanback, 297 N.C. 181, 201, 254 S.E.2d 611, 624 (1979) (emphasis in original) (quoting Byrd, Malicious Prosecution in North Carolina, 47 N.C.L. Rev. 285, 288 (1969) ).
 
 
 21
 Beaman's counterclaim adequately alleges that Cannon initiated the federal action for an improper, collateral purpose --to harass and embarrass the Beaman family and to coerce confessions by Rachel Beaman in unrelated court proceedings. The counterclaim does not, however, allege any act taken by Cannon after initiation of the proceeding whereby he sought to use the existence of the proceeding to gain advantage in some co 1lateral matter. Absent such an allegation, the counterclaim fails to state a cause of action for abuse of process. See Hewes v. Johnston, 61 N.C. App. 603, 301 S.E.2d 120 (1983) (complaint dismissed for failure to allege improper wilful act during course of proceedings).
 
 
 22
 We likewise conclude that the counterclaim fails to state a claim for malicious prosecution. To recover for malicious prosecution, a plaintiff must show:
 
 
 23
 (1) the prior action was against plaintiff; (2) it was brought, instigated or supported by the defendant; (3) in doing so the defendant acted with malice and without probable cause or justification; (4) the action terminated in plaintiff's favor; and (5) because of the action plaintiff was specially damaged in a way different from the way that everyone is damaged who is sued unsuccessfully.
 
 
 24
 Brown v. Averette, 68 N.C. App. 67, 69, 313 S.E.2d 865, 866 (1984). To satisfy the special damage requirement, a plaintiff must show some substantial interference with his person or property such as would not necessarily result in all similar cases. Stanback, supra, at 203, 254 S.E.2d at 626 (citing as examples the issuance of an injunction, appointment of a receiver, or attachment of plaintiff's property). That the plaintiff has been required to devote time and money to defense of the action and has suffered humiliation and mental anguish because of it does not satisfy the requirement that he show special damage because of the prosecution. Stanback, supra, at 204-05, 254 S.E.2d at 626; Brown, supra, at 70, 313 S.E.2d at 867.
 
 
 25
 Beaman has not, in her counterclaim for malicious prosecution predicated upon the state court action filed and later nonsuited by Cannon, made any claim of special damage. The injuries for which she seeks recovery consist only of the costs of defending the action and the emotional upset suffered as a result of the action. Absent an allegation of special damage, she has failed to state a claim for malicious prosecution. Stanback, supra, at 202, 254 S.E.2d at 626.
 
 
 26
 As the allegations of the counterclaim are insufficient to support a judgment under any of the three claims pled, we vacate the judgment entered on the default, and remand the counterclaim to the district court. On remand, Beaman may be given an opportunity to amend her counterclaim so as to state a claim. Should she fail to do so, the counterclaim will be subject to dismissal.
 
 
 27
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively. The orders of the district court dismissing Cannon's complaint and awarding attorney's fees against him in the amount of $660 are affirmed. The default judgment entered on Beaman's counterclaim is vacated and the counterclaim remanded for further action not inconsistent with this opinion.
 
 
 28
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.