L. C. COBB, JR. v. JACKIE LYNN REITTER

No. 914SC803

(Filed 21 January 1992)

**Automobiles and Other Vehicles §§ 502, 637 (NCI4th) — collision between motorcycle and car — car pulling in front of motorcycle — speeding motorcycle — issues of negligence and contributory negligence for jury**

     In an action to recover for injuries sustained when plaintiff's motorcycle collided with defendant's car, the trial court erred in directing verdict for defendant where there was evidence from which a reasonable mind could conclude that defendant pulled in front of plaintiff at an intersection and that defendant's conduct was a proximate cause of plaintiff's injuries; moreover, the trial court was required to submit the

COBB v. REITTER

[105 N.C. App. 218 (1992)]

issue of whether plaintiff was speeding, and hence the issue of plaintiff's contributory negligence, to the jury.

**Am Jur 2d, Automobiles and Highway Traffic §§ 422, 798, 816, 817.**

APPEAL by plaintiff from judgment entered 18 April 1991 by *Judge Franklin R. Brown* in ONSLOW County Superior Court. Heard in the Court of Appeals 9 December 1991.

*Popkin and Associates, by Samuel S. Popkin, for plaintiff-appellant.*

*Hamilton, Bailey, Way & Brothers, by Glenn E. Bailey and John E. Way, Jr., for defendant-appellee.*

GREENE, Judge.

Plaintiff appeals from a judgment entered 18 April 1991, which judgment directed a verdict against plaintiff at the close of all the evidence and dismissed with prejudice plaintiff's action against defendant.

Plaintiff instituted this negligence action to recover for injuries sustained when the motorcycle he was driving collided with defendant's automobile. In her answer, defendant denies any negligence on her part and alleges that, even if she was negligent, the contributory negligence of plaintiff was the proximate cause of plaintiff's injuries.

The evidence tends to establish that on 16 December 1989 at approximately 12:55 p.m., plaintiff was operating his motorcycle on southbound U.S. Highway 17 in Jacksonville, N.C., a road with three lanes of travel and a posted speed limit of 50 miles per hour. The weather was clear. As plaintiff approached the intersection of 17 South and Canady Road, the front of plaintiff's motorcycle collided with the extreme left rear of defendant's red 1986 Mercury automobile. Defendant testified that, when the accident occurred, she was crossing 17 South in order to reach the median so that she could turn left onto 17 North. The visibility to the left from the stop sign at the Canady Road intersection is a distance of approximately 475 feet, which is a straight stretch of road. Defendant testified that she stopped at the stop sign and after looking left, right, then left again, proceeded across 17 South. When the impact occurred, the majority of defendant's car was in the inside

turning lane, with just a few inches of the rear extending into the middle lane. Plaintiff testified that he did not see defendant until immediately before impact. He also testified that he was traveling at a speed of 48 miles per hour just prior to the accident. Defendant testified that, in her opinion, plaintiff was going at least 70 miles per hour prior to impact. Defendant presented the testimony of Michael Trapp (Trapp), a companion of plaintiff who was riding another motorcycle along with plaintiff at the time the accident occurred. Trapp testified that he was going 65 miles per hour just prior to the accident, and that plaintiff was pulling away from him.

At the close of all the evidence, defendant moved for a directed verdict on the grounds that no evidence existed of defendant's negligence and that the evidence showed contributory negligence on the part of the plaintiff. The court granted the motion without specifying on which ground, and entered judgment for defendant.

---

We must affirm the ruling of the trial court if the directed verdict was proper for either of the two grounds argued by the defendant in the trial court. *See Feibus & Co. v. Godley Constr. Co.*, 301 N.C. 294, 301, 271 S.E.2d 385, 390 (1980), *reh'g denied*, 301 N.C. 727, 274 S.E.2d 228 (1981) (appellate court can properly affirm directed verdict only on a ground stated in defendant's motion at trial). Accordingly, the issues are whether I) the plaintiff presented substantial evidence that defendant's negligence was a proximate cause of his injuries; and II) the only reasonable inference to be drawn from the evidence is that plaintiff's contributory negligence was the proximate cause of his own injuries.

I

On appeal from a directed verdict for the defendant in a negligence action which was granted on the ground that plaintiff presented insufficient evidence of defendant's negligence, the reviewing court is confronted with the identical task as the trial court, that is, to determine whether there is substantial evidence that defendant's negligence was the proximate cause of plaintiff's injuries. *See Harshbarger v. Murphy*, 90 N.C. App. 393, 395, 368 S.E.2d 450, 451 (1988). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). If there is such relevant evidence as a reasonable mind might

accept as adequate to support the elements of negligence, the trial court must deny defendant's motion and allow the case to go to the jury. *See Hines v. Arnold*, 103 N.C. App. 31, 34, 404 S.E.2d 179, 181-82 (1991). "In deciding the motion, the trial court must treat [plaintiff's] evidence as true, considering the evidence in the light most favorable to [plaintiff] and resolving all inconsistencies, contradictions and conflicts for [plaintiff], giving [plaintiff] the benefit of all reasonable inferences drawn from the evidence." *McFetters v. McFetters*, 98 N.C. App. 187, 191, 390 S.E.2d 348, 350, *disc. rev. denied*, 327 N.C. 140, 394 S.E.2d 177 (1990).

In the instant case, plaintiff's evidence consisted of plaintiff's testimony and the testimony of the defendant. Plaintiff testified that when the accident occurred he was traveling south on Highway 17 at a speed below the posted speed, that he had just rounded a curve, that he had the right-of-way, and that, immediately before impact near the intersection of Highway 17 and Canady Road, defendant was crossing plaintiff's path of traffic or path of sight. Defendant testified that, when she first saw plaintiff approaching on his motorcycle, the front half of her car was in the inner lane of travel on Highway 17 and the back half was in the middle lane. The actual impact occurred before defendant's car had reached the median on Highway 17. A reasonable mind could find this evidence, when taken in the light most favorable to plaintiff, adequate to support the conclusion that defendant pulled in front of plaintiff at the intersection of Canady Road and Highway 17 and that defendant's conduct was a proximate cause of plaintiff's injuries. Accordingly, if the trial court directed a verdict for defendant on the ground that plaintiff failed to present substantial evidence of defendant's negligence, its ruling was erroneous.

II

A directed verdict for defendant on the ground that plaintiff was contributorially negligent is proper only if the evidence establishes the contributory negligence of the plaintiff as a matter of law. *Williams v. Odell*, 90 N.C. App. 699, 701, 370 S.E.2d 62, 64, *disc. rev. denied*, 323 N.C. 370, 373 S.E.2d 557 (1988). In determining whether plaintiff is contributorially negligent as a matter of law, "the question is whether the evidence establishes plaintiff's negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom." *Screaming Eagle Air, Ltd. v. Airport Comm. of Forsyth County*, 97 N.C. App. 30, 37, 387 S.E.2d

197, 201, *disc. rev. denied,* 326 N.C. 598, 393 S.E.2d 882 (1990). A directed verdict based on plaintiff's contributory negligence is not proper "when other reasonable inferences may be drawn or when there are material conflicts in the evidence." *Stancil v. Blackmon,* 8 N.C. App. 499, 502, 174 S.E.2d 880, 882 (1970).

In the instant case, defendant argues that the evidence of plaintiff's speeding supports defendant's contention that plaintiff was contributorially negligent as a matter of law. Although there is evidence that the plaintiff was exceeding the posted speed limit at the time of the accident, plaintiff himself testified that he was going only 48 miles per hour in a 50 mile per hour zone immediately prior to impact. Taking the evidence in the light most favorable to plaintiff and resolving all inconsistencies in his favor, as it must do, the trial court would be required to submit the issue of whether plaintiff was speeding, and hence the issue of plaintiff's contributory negligence, to the jury. Here, "the evidence of plaintiff's contributory negligence, while strong, is not so overpowering as to preclude all reasonable inferences to the contrary." *Daughtry v. Turnage,* 295 N.C. 543, 544, 246 S.E.2d 788, 789 (1978). Accordingly, if the trial court granted defendant's motion for a directed verdict at the close of the evidence based on plaintiff's contributory negligence as a matter of law, it was error.

Because neither ground offered by defendant at trial supports the trial court's granting of defendant's motion for a directed verdict, plaintiff is entitled to a new trial.

Reversed and remanded.

Judges WELLS and PARKER concur.