WILLIAM D. ALEXANDER, Plaintiff v. LINDA B. ALEXANDER, Defendant

No. COA01-1130

(Filed 6 August 2002)

**Malicious Prosecution— domestic violence protective order— special damages**

The trial court erred by granting defendant's motion for a j.n.o.v. on a malicious prosecution claim arising from a domestic violence protective order where the prohibitions stemming from the order were sufficient to find that plaintiff suffered substantial interference with his person and property resulting in special damages.

Judge GREENE dissenting.

Appeal by plaintiff from an order entered 16 May 2001 by Judge Ronald K. Payne in Mecklenburg County Superior Court. Heard in the Court of Appeals 11 June 2002.

*Kenneth T. Davies for plaintiff-appellant.*

*No brief for defendant-appellee.*

HUNTER, Judge.

William D. Alexander ("plaintiff") appeals the trial court's order granting Linda B. Alexander's ("defendant") motion for judgment notwithstanding the verdict on the ground that plaintiff failed to present evidence in support of the element of special damages necessary to maintain a malicious prosecution claim. We reverse.

Plaintiff and defendant were formally husband and wife. They are the parents of two children, one of which is a minor. On 2 May 1994, defendant filed a complaint in which she sought, *inter alia*, domestic violence protection pursuant to Chapter 50B of the North Carolina General Statutes. Defendant sought and obtained an *ex parte* domestic violence protective order which evicted plaintiff from the marital home, as well as granted her temporary custody of their children. Plaintiff entered into a consent order on 10 May 1994 that enjoined him from assaulting, harassing, or intimidating defendant. The consent order prohibited plaintiff from coming about the residence or workplace of defendant, and sequestered the former marital home for the temporary use and benefit of defendant and the minor child.

On 5 June 1995, upon the expiration of the consent order, defendant initiated a complaint and motion for a domestic violence protective order in which she requested that plaintiff be ordered not to come about her, the residence, her work place, or the child's school. The judge issued an *ex parte* domestic violence protective order against plaintiff which enjoined him from assaulting, threatening, abusing, following, harassing or interfering with defendant. Additionally, a law enforcement officer was instructed to arrest plaintiff if there was probable cause to believe he had violated the protective order. After defendant's evidence was presented, when the hearing came before the trial judge on 14 June 1995, the court found that she failed to prove any acts of domestic violence. Hence, her claim for domestic violence against plaintiff was involuntarily dismissed.

On 15 September 1999, subsequent to the dismissal of defendant's domestic violence claim, plaintiff asserted claims for abuse of process, malicious prosecution, and alienation of affections against defendant. The court granted defendant's motion for directed verdict in regards to plaintiff's abuse of process and alienation of affections claims, but denied defendant's motion as to the malicious prosecution claim. On 9 November 2000, the jury returned a verdict in favor of plaintiff, finding that defendant maliciously instituted a domestic violence proceeding against plaintiff in 1995. The jury awarded nominal damages of one dollar ($1.00), and punitive damages of one thousand five hundred dollars ($1,500.00). Upon return of the jury verdict, the court granted defendant's motion for judgment notwithstanding the verdict on the issue of special damages. Plaintiff appeals and assigns error to the trial court's conclusion that his evidence was not legally sufficient to take the case to the jury and support a verdict in his favor on the issue of special damages.

Plaintiff contends that the trial court erred by granting defendant's motion for judgment notwithstanding the verdict on his malicious prosecution claim. We agree. A motion for judgment notwithstanding the verdict is simply a renewal of a party's earlier motion for directed verdict. *Kearns v. Horsley*, 144 N.C. App. 200, 207, 552 S.E.2d 1, 6 (2001). " 'On appeal the standard of review for a JNOV [judgment notwithstanding the verdict] is the same as that for a directed verdict, that is whether the evidence was sufficient to go to the jury. . . .' " *Id.* (citation omitted). The standard is high for the moving party as *the motion should be denied if there is more than a scintilla of evidence to support the plaintiff's prima facie case. Id.*

Moreover, our Supreme Court has held that when ruling on a motion for directed verdict pursuant to N.C. Gen. Stat. § 1A-1, Rule 50(a) (2001), the trial court must consider the evidence in the light most favorable to the plaintiff. *Newton v. New Hanover County Bd. of Education*, 342 N.C. 554, 563, 467 S.E.2d 58, 65 (1996). "The evidence supporting the plaintiff's claims must be taken as true, and all contradictions, conflicts, and inconsistencies must be resolved in the plaintiff's favor, giving the plaintiff the benefit of every reasonable inference." *Id.*

In this case, we view plaintiff's evidence as sufficient to meet the *prima facie* case of malicious prosecution. Therefore, we hold that the trial court erred in granting defendant's motion for JNOV. Plaintiff argues that his evidence on the issue of special damages is legally sufficient to support a malicious prosecution claim against defendant. We agree. In order to recover for malicious prosecution, the plaintiff must show that the defendant initiated the earlier proceeding, that she did so maliciously, and without probable cause, and that the earlier proceeding terminated in the plaintiff's favor. *Stanback v. Stanback*, 297 N.C. 181, 202, 254 S.E.2d 611, 625 (1979). In civil actions, the plaintiff must show that there was some arrest of his person, seizure of his property, or some other special damage resulting from the action such as would not necessarily result in all similar cases. *Id.* at 202-03, 254 S.E.2d at 625.

> The gist of such special damage is a substantial interference either with the plaintiff's person or his property such as causing execution to be issued against the plaintiff's person, causing an injunction to issue prohibiting plaintiff's use of his property in a certain way, causing a receiver to be appointed to take control of plaintiff's assets, causing plaintiff's property to be attached, or causing plaintiff to be wrongfully committed to a mental institution.

*Id.* at 203, 254 S.E.2d at 625 (citations omitted). Furthermore, an interference with the use, enjoyment, transfer of, and profit from property is not the inherent and usual result of all civil litigation and could result in special damage. *Brown v. Averette*, 68 N.C. App. 67, 70, 313 S.E.2d 865, 867 (1984). However, embarrassment, inconvenience, loss of work and leisure time, stress, strain and worry are experienced by all litigants to one degree or another; hence, allegations of this kind would fail to qualify as substantial interference and would not constitute special damage. *Id.*

ALEXANDER v. ALEXANDER

[152 N.C. App. 169 (2002)]

In the instant case, the special damage requirement of the plaintiff's malicious prosecution claim is at issue. The *ex parte* domestic violence protective order was an injunction that substantially interfered with the plaintiff's person and property. This order enjoined plaintiff from assaulting, threatening, abusing, following, harassing or interfering with defendant, and plaintiff was ordered to stay away from the marital home. Moreover, a law enforcement officer was instructed to arrest plaintiff if there was probable cause to believe plaintiff had violated these injunction provisions. Consequently, these restrictions significantly interfered with plaintiff's rights of free movement, and communication with defendant, his then spouse. Moreover, these prohibitions greatly interfered with the use and enjoyment of plaintiff's personal property by ordering him to stay away from his home that he then shared with defendant. After analyzing all evidence in the light most favorable to plaintiff, and giving him the benefit of all reasonable inferences, we conclude that the prohibitions stemming from the *ex parte* domestic violence protective order are sufficient to find the plaintiff suffered substantial interference resulting in special damages.

Reversed.

Judge TIMMONS-GOODSON concurs.

Judge GREENE dissents in a separate opinion.

GREENE, Judge, dissenting.

I disagree with the majority that there is substantial evidence plaintiff suffered special damage as a result of the prohibitions in the *ex parte* domestic violence protective order. I, therefore, dissent.

In a malicious prosecution claim based on the institution of a prior civil proceeding,[1] a plaintiff must prove "that there was some arrest of his person, seizure of his property, or some other element of special damage resulting from the action such as would not necessarily result in all similar cases." *Stanback v. Stanback*, 297 N.C. 181, 203, 254 S.E.2d 611, 625 (1979). "The gist of such special damage is a substantial interference either with the plaintiff's person or his property such as . . . causing an injunction to issue prohibiting [the] plain-

---

1. The filing of a complaint for a domestic violence protective order is a civil action. N.C.G.S. § 50B-2(a) (2001).

ALEXANDER v. ALEXANDER

[152 N.C. App. 169 (2002)]

tiff's use of his property in a certain way." *Id.* (citations omitted). A slight interference with a person's movement is not enough to cause special damage as there must be a substantial interference with the plaintiff's right of movement. *U v. Duke Univ.*, 91 N.C. App. 171, 179, 371 S.E.2d 701, 707 (no special damage where the plaintiff was restricted from entering a building owned by the defendant and from using the defendant's instrument), *disc. review denied*, 323 N.C. 629, 374 S.E.2d 590 (1988). Likewise, if the interference is "merely an interference with some right of use" and not with the plaintiff's property, a party has suffered no special damage. *Id.* at 180, 371 S.E.2d at 707.

In this case, viewing the evidence in the light most favorable to plaintiff, *see Smith v. Price*, 315 N.C. 523, 527, 340 S.E.2d 408, 411 (1986) (evidence is viewed in the light most favorable to the non-moving party on a motion for judgment notwithstanding the verdict), there was no substantial evidence plaintiff suffered special damage, *see Cobb v. Reitter*, 105 N.C. App. 218, 220, 412 S.E.2d 110, 111 (1992) (if non-moving party has not presented substantial evidence of the elements of his claim for relief, the moving party is entitled to judgment notwithstanding the verdict). The *ex parte* order required plaintiff to not "assault, threaten, abuse, follow, harass or interfere" with defendant, to "stay away from" defendant's residence, and to stay away from defendant's place of employment. Plaintiff cannot claim any damage arising from an order that directs he not assault or harass his wife. Furthermore, any restriction on plaintiff's right to be on the property where defendant resided[2] and the place where she worked was not substantial. In fact, as long as plaintiff did not harass, follow, or interfere with defendant, he remained free to move about in any place other than defendant's residence and her place of employment. In any event, the *ex parte* order was valid for only ten days and thus any interference was minimal.[3] *See* N.C.G.S. § 50B-2(c) (2001).

2. The record shows defendant's residence was owned by plaintiff and defendant and had once served as their marital home. Plaintiff, however, had not resided there in more than a year and indeed had agreed, pursuant to a consent order, that those premises were to be "temporarily sequestered for the exclusive use and benefit" of defendant. The consent order did not fix an expiration date but, because it was entered pursuant to chapter 50B, it expired by operation of law on 11 May 1995. *See* N.C.G.S. § 50B-3(b) (2001). There is no evidence in the record plaintiff had made any attempt to visit defendant's residence after the expiration of the consent order.

3. The *ex parte* order was issued on 5 June 1995 and dissolved on 14 June 1995.

Accordingly, I would affirm the trial court's judgment determining there was insufficient evidence to establish plaintiff suffered special damage.[4]

---

4. While I do not believe plaintiff has a claim for malicious prosecution, I do note that others who find themselves in situations similar to plaintiff's situation, without proof of special damage, may move for Rule 11 sanctions to be imposed against the opposing party. This motion may be made if the plaintiff believes the defendant's complaint for a domestic violence protective order was filed without sufficient basis in fact, existing law, or "a good faith argument for the extension, modification, or reversal of existing law," or that the complaint was filed for an "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." N.C.G.S. § 1A-1, Rule 11(a) (2001). These sanctions may include "an order to pay the [plaintiff] . . . the amount of the reasonable expenses incurred because of the filing of the [complaint] . . . including a reasonable attorney's fee." *Id.*