**Cecil Wright and Beverly Wright v. Mary E. Doolin and Frank L. Doolin and Newport Air Freight**

[607 A.2d 1137]

No. 90-060

Present: **Gibson, Dooley, Morse and Johnson, JJ., and Peck, J. (Ret.),**
**Specially Assigned**

Opinion Filed February 21, 1992

Motion for Reargument Denied April 7, 1992

*Sandra A. Strempel* of *Dinse, Erdmann & Clapp*, Burlington, for Plaintiffs-Appellants.

*Gerald W. Desautels*, Burlington, for Defendants-Appellees.

**Morse, J.** Following the sale of Newport Air Freight, Inc., from Cecil and Beverly Wright to Mary and Frank Doolin, the Doolins ceased making payments on promissory notes given to purchase the business. The Wrights sued to collect, and, in defense and as a counterclaim, the Doolins pled fraud and breach of contract in the sale of the business.

The trial court gave judgment to the plaintiffs on both their claims and defendants' counterclaim. The Wrights appealed,

claiming that they were entitled to recover (1) attorney's fees in defense of defendants' counterclaim, contrary to the court's ruling denying them those fees, and (2) additional pre- and post-judgment interest which the court failed to grant. The Doolins cross-appealed, claiming that critical findings by the court were clearly erroneous. We reverse and remand on points (1) and (2) and affirm the cross-appeal.

## I.

We address defendants' cross-appeal first. The Doolins contended that the Wrights did not adequately inform them before sale of the loss of Newport's biggest customer, Burlington Northern Air Freight (BNAF), which they say amounted to a fraudulent concealment and a breach of contract for a failure to disclose a "material adverse change" in the business. The trial court found that fraud was not supported by clear and convincing evidence of an intent to deceive. The court also found that the loss of BNAF was not a material adverse change to Newport's financial well-being, and even if it was, that fact was reasonably disclosed in company records given to the buyers before the sale.

Applying our deferential standard of review of the trial court's findings, as governed by the clearly erroneous test of V.R.C.P. 52(a)(2), we conclude that the judgment is adequately supported by the evidence.

We need not review all of defendants' claims challenging the findings. A critical finding relevant to both fraud and breach of contract was the reasonableness of notice to the defendants of the loss of BNAF's account. The evidence supported a finding that sufficient information was provided to the Doolins for them to reasonably determine the fact, and evaluate the effect, of the loss of BNAF. The business being purchased was highly competitive, and the turnover of customers was relatively frequent. The customer profile, thus, was a likely subject to be explored by a would-be purchaser of the business. BNAF ceased doing business with Newport over a year before the sale of Newport to the Doolins. The Doolins had access to all the company records and were given accurate customer lists. While the Doolins said they did not realize the loss of BNAF as a customer, the court found they should have known had they in-

vestigated. *Lewis v. Cohen*, 157 Vt. 564, 567, 603 A.2d 352, 353 (1991). In addition, the trial court viewed the lawsuit brought by the Doolins as follows: "The court is disinclined to allow the Doolins to strike a hard bargain based on the recent downturn in Newport's business and then turn around and claim fraud based on that very same downturn." The findings support the judgment.

## II.

The trial court awarded plaintiffs interest from the date of judgment at the annual rate of nine percent provided in the note. The Wrights claim the court erred in not awarding them nine percent from date of default to date of judgment and twelve percent from the date of judgment as provided by 12 V.S.A. § 2903(b): "Interest on a judgment lien shall accrue at the rate of 12 percent per annum."

■■ The only colorable argument advanced that plaintiffs should not receive nine percent from the time of default to date of judgment and twelve percent interest thereafter is that they did not first raise these issues before the trial court by way of a post-judgment motion. V.R.C.P. 59(e). A post-judgment motion, however, is not required to address this kind of oversight. *Lewis*, 157 Vt. at 572, 603 A.2d at 356 (while a motion to amend judgment under 59(e) avoids the delay and cost of an unnecessary appeal, it is "not [a prerequisite] to appellate review"). The promissory notes, submitted to the trial court, provided for nine percent interest from the date of default, but were silent as to the interest rate following judgment. Plaintiffs also submitted proposed findings reiterating the prejudgment interest rate. Therefore, interest should have been computed at nine percent for the period before the court's order and at twelve percent for the period after judgment. *Greenmoss Builders, Inc. v. King*, 155 Vt. 1, 8, 580 A.2d 971, 975 (1990) ("Interest is a legal right of the plaintiff. . . . [and] [w]hen a debt becomes payable, if the contract does not stipulate a rate of interest, the statutory or legal rate applies.") (citations omitted); see also V.R.A.P. 37 ("if a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was entered in the superior . . . [c]ourt"). We hold that these issues were properly raised and plaintiffs were

entitled to a judgment in the amount of $52,738.03 as of the date of judgment with interest to accrue at twelve percent per annum thereafter until satisfied.

## III.

Plaintiffs also claim, predicated on language in the notes, they were entitled to recover attorney's fees incurred in defense of defendants' counterclaim. That language stated: "If this Note is placed in the hands of an attorney for collection, a reasonable attorney's fee may be added." The trial court determined that this sentence manifested the parties' intention to include, as damages only, "the cost of prosecuting the promissory notes," not "the cost of defending against a good faith counterclaim," and declined to award the latter fees.

■· We disagree and are persuaded by the reasoning of *Kudon v. f.m.e. Corp.*, 547 A.2d 976 (D.C. App. 1988), in resolving this issue. In that case the court utilized a four-factor analysis to determine whether a party requesting an award of attorney's fees under such a contract provision was entitled to a fee recovery for *defending* a claim by the party opposing payment of those fees. The *Kudon* court considered the following factors:

> (1) whether the party requesting the fees was responsible for precipitating the litigation . . . ; (2) whether the litigation for which the party relying on the contract provision recovers the fees was bona fide and made necessary by the party opposing payment of such fees . . . ; (3) whether the claim asserted by the party opposing payment of such fees was raised by way of offset in an attempt to reduce or extinguish the debt owed to the party requesting the fees . . . ; and (4) whether it was necessary for the party requesting the fees to defend against the claim of the party opposing the fees in order to collect the underlying debt or enforce the underlying contractual obligation.

*Id.* at 980 (citations omitted).

■ In applying these factors to the facts of this case, we conclude that an award of attorney's fees is warranted for defending against the defendants' counterclaim. First, the defendants' failure to make the required payments under the

notes precipitated the litigation. Second, the plaintiffs' collection action was bona fide and made necessary by the defendants' default on their payment obligations. Third, the counterclaim asserted was raised to offset the debt owed the plaintiffs. Fourth, and most convincingly, the counterclaim brought by the Doolins was compulsory in nature, arising from the same transaction or occurrence leading to the Wrights' complaint. The Doolins faced a possibility that they would have been collaterally estopped from relitigating certain issues in a later suit involving claims laid out in the present counterclaim. Thus, the counterclaim was integral to the action for collection of the promissory notes. Defending against the counterclaim was necessary in order to collect the debt owed by the Doolins.

For the above reasons, we hold that attorney's fees are warranted to the Wrights for defense of the Doolins' counterclaim.

*Judgment on defendants' counterclaim is affirmed. Reversed and remanded on the issues of interest and attorney's fees.*