82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Andrew J. PALAZZOLO, Brandon V. Palazzolo, and Patrick V.
Palazzolo, Plaintiffs-Appellees,
v.
Robert A. BENSON and Dennis Kolenda, Defendants-Appellants.
 No. 95-1067.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1996.
 
 On Appeal from the United States District Court for the Western District of Michigan, No. 94-00448; Benjamin F. Gibson, Judge.
 W.D.Mich.
 AFFIRMED IN PART AND REVERSED IN PART.
 Before: KENNEDY, WELLFORD, and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants appeal from the denial of their motion for monetary sanctions and attorney fees against plaintiffs in this action arising out of a custody dispute incident to a divorce in state court. For the reasons stated, we AFFIRM in part and REVERSE in part.
 
 I. Facts
 
 2
 Patrick Palazzolo and his two minor sons, pro se, brought suit against a number of individuals including Judge Robert A. Benson, a state circuit court judge who presided over Patrick Palazzolo's divorce and incidental custody proceedings, and Judge Dennis Kolenda, a state circuit court judge who heard certain motions of Palazzolo to disqualify Judge Benson from adjudicating the custody dispute. Plaintiffs alleged violations of their constitutional rights and advanced related state law claims.
 
 
 3
 Defendants moved for summary judgment on plaintiffs' federal and state claims on the grounds of qualified immunity. Before the District Court ruled on the motion for summary judgment, defendants also moved for the imposition of monetary sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedures and attorney fees under 42 U.S.C. § 1988 against plaintiffs. The motion for sanctions alleged that plaintiffs brought this lawsuit for the improper purpose of disqualifying Judge Benson from presiding in the state court custody and visitation litigation. Defendants' motion for attorney fees claimed such an award was appropriate because the suit was frivolous in light of defendants' clear entitlement to judicial immunity.
 
 
 4
 The District Court granted defendants' motion for summary judgment. With respect to plaintiffs' federal claims against defendants, the District Court found that Judges Benson and Kolenda were entitled to immunity since they engaged in the challenged conduct in the discharge of their official duties. Having dismissed the federal claims, the District Court declined to exercise supplemental jurisdiction over plaintiffs' pendent state claims. Accordingly, the District Court dismissed plaintiffs' federal claims with prejudice and their state claims without prejudice.
 
 
 5
 In addition, the District Court denied defendants' motions for monetary sanctions and attorney fees. Instead of awarding monetary sanctions, the District Court reprimanded the plaintiffs, cautioning them against filing claims of this nature in that court in the future. The District Court threatened that if plaintiffs filed such meritless claims in the future, it would impose more severe sanctions to deter them from such conduct.
 
 
 6
 Regarding defendants' request for attorney fees, the District Court stated:
 
 
 7
 Judges Benson and Kolenda have moved for ... attorney fees even before their motion for summary judgment was decided "in order to alert the plaintiff to what he faces. Perhaps then he will withdraw this case immediately and not require the Kent City taxpayers to incur any further expenses in defending this frivolous case against their judges." Judges Benson and Kolenda have not requested any particular amount of fees and have not provided any documentation of fees. Considering the circumstances of this case, the time at which the motion was filed, its stated purpose, the lack of any supporting evidence for the attorney's fee request, and the dismissal of the federal claims at this early stage of litigation, the Court will not grant any attorney fees to Judges Benson and Kolenda.
 
 
 8
 J.A. at 115 (citation omitted).
 
 
 9
 Defendants appeal from the denial of monetary sanctions and attorney fees.[1]
 
 II. Discussion
 A. Sanctions
 
 10
 We review a district court's determination of the appropriateness and level of Rule 11 sanctions for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 402-04 (1990); Orlett v. Cincinnati Microwave, Inc., 954 F.2d 414, 419 (6th Cir.1992).
 
 
 11
 Federal Rule of Civil Procedure 11(b) states, in part, that a party who signs a pleading avers that
 
 
 12
 (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
 
 
 13
 (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.
 
 
 14
 FED.R.CIV.P. 11(b)(1), (2). Sanctions may be imposed under Rule 11 if, for any improper purpose, an attorney or party has signed and filed a pleading, motion, or other paper which lacks a reasonable basis in law or fact. See Mann v. G & G Mfg., Inc., 900 F.2d 953, 958 (6th Cir.), cert. denied, 498 U.S. 959 (1990). Once a district court finds that an attorney has violated Rule 11, it may impose appropriate sanctions upon the violating party:
 
 
 15
 A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.... [t]he sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.
 
 
 16
 FED.R.CIV.P. 11(c)(2). Although deterrence and compensation are both goals of Rule 11, deterrence is the primary one. Orlett, 954 F.2d at 419. Thus, the rule instructs courts to impose the "least severe sanction adequate" to deter the offender. FED.R.CIV.P. 11(c)(2); see Akin v. Q-L Invs., Inc., 959 F.2d 521, 535 (5th Cir.1992) (stating that the least severe sanction adequate requirement "ensures that Rule 11 does not degenerate into nothing more than a docket control device that the district courts use to punish unsuccessful litigants who dare to raise their claims or defenses in federal court"). The least severe sanction adequate standard requires the district court to consider, where appropriate, nonmonetary sanctions, including reprimand. Orlett, 954 F.2d at 420; see FED.R.CIV.P. 11(c)(2).
 
 
 17
 Given that there is no evidence that plaintiffs have a history of filing frivolous suits, we cannot say that the District Court's sanction of a reprimand was an abuse of discretion. Instead, it was within the District Court's discretion to determine that this reprimand would be sufficient to deter plaintiffs from violating this rule in the future.
 
 B. Attorney Fees
 
 18
 We review a district court's denial of a motion for attorney fees under the civil rights statute for abuse of discretion. Hadix v. Johnson, 65 F.3d 532, 534 (6th Cir.1995). In the instant case, we find that the District Court abused its discretion in denying defendants' motion for attorney fees.
 
 
 19
 Section 1988 of Title 42 of the United States Code authorizes district courts to award reasonable attorney fees to prevailing civil rights litigants.[2] Although on its face section 1988 permits the district court to award attorney fees to whichever party prevails, prevailing defendants must meet a more stringent standard then prevailing plaintiffs to receive attorney fees. See Hughes v. Rowe, 449 U.S. 5, 14-15 (1980) (per curiam); Jones v. Continental Corp., 789 F.2d 1225, 1232 (6th Cir.1986) (stating that "[a]n award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct"). A prevailing defendant should only recover attorney fees under section 1988 if the district court finds that "the plaintiff's action was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Hughes, 449 U.S. at 14-15 (quoting Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)).
 
 
 20
 The District Court offered a number of grounds for the denial of attorney fees. We address each reason separately.
 
 
 21
 Among the reasons the District Court denied defendants' motion for attorney fees was the time at which defendants filed their motion. Section 1988 permits prevailing parties to recover attorney fees. However, when defendants filed their motion for attorney fees, the District Court had not yet granted their motion for summary judgment. Therefore, they were not yet prevailing parties within the meaning of section 1988. Only when the District Court granted them summary judgment did defendants become prevailing parties and, therefore, eligible to request attorney fees. Although the District Court could have dismissed the motion without prejudice on the basis that it was filed prematurely, it ruled on the merits of the motion. Because the District Court sua sponte renewed defendants' motion for attorney fees after granting them summary judgment and considered its merits, it was not within its discretion to deny the motion on the basis of the time of filing.
 
 
 22
 As an additional reason for denying defendants' motion for attorney fees, the District Court objected to the motion's stated purpose. The primary purpose of the attorney fee statute was to encourage plaintiffs to bring suit in new and undeveloped areas of civil rights laws. Northcross v. Board of Ed. of Memphis City Schools, 611 F.2d 624, 635 (6th Cir.1979), cert. denied, 447 U.S. 911 (1980). Apparently, the court felt it inappropriate to file the motion in order to dissuade plaintiff from proceeding with the action.
 
 
 23
 However, defendants' purpose in filing their motion for sanctions and attorney fees is irrelevant to the determination of whether they are entitled to recover their attorney fees. The only relevant inquiry is whether the claims were frivolous, unreasonable, or without foundation.
 
 
 24
 The District Court offered the dismissal of the federal claims at an early stage of litigation as a further reason for the denial of attorney fees. Although this factor may be important in determining what fees are reasonable, it does not bear on whether a party is entitled to recover a fee. Therefore, early dismissal of the case will not support the District Court's denial of attorney fees.
 
 
 25
 Finally, the District Court cited the lack of supporting evidence as a basis for denying defendants attorney fees. It is well-established that a party seeking recovery of attorney fees bears the burden of establishing entitlement and documenting the hours expended and hourly rates. See, e.g., Blum v. Stenson, 465 U.S. 886, 895-896 n. 11 (1984); Perotti v. Seiter, 935 F.2d 761, 764 (6th Cir.1991). However, a motion for attorney fees need not include an itemized statement of fees. The initial issue is whether the party is entitled to fees at all. Once the court decides that the prevailing party is in fact entitled to fees, the court should allow the prevailing party to offer evidence of fees and allow the nonprevailing party to challenge the reasonableness of those fees. See DAVID G. KNIBB, FEDERAL COURT OF APPEALS MANUAL 355 (2d ed. 1990) (describing an analogous bifurcated procedure for making a motion for Rule 11 sanctions). Therefore, we find that the District Court abused its discretion when it denied defendants attorney fees on the basis of their motion's failure to document fees.
 
 
 26
 Again, defendants' entitlement to attorney fees turns on whether plaintiffs' case was frivolous, unreasonable, or without foundation. We find that plaintiffs' federal claims were frivolous. The defendants pursued the challenged conduct in the course of their judicial duties and, thus, were clearly entitled to judicial immunity. We note that other courts have imposed attorney fees under section 1988 against plaintiffs who brought suits and raised arguments similar to those advanced by plaintiffs. See, e.g., Lueck v. Robison, 878 F.2d 386, 1989 WL 69926, * 1 (9th Cir.1989) (unpublished disposition); Cannon v. Exum, 799 F.2d 751, 1986 WL 17225, * 3 (4th Cir.1986) (unpublished disposition). Therefore, we find that defendants are entitled to attorney fees under 42 U.S.C. § 1988. Accordingly, we remand to the District Court to give defendants an opportunity to present evidence of attorney fees incurred in the defense of this litigation and for a determination of reasonable attorney fees.
 
 IV. Conclusion
 
 27
 For the reasons stated, we AFFIRM the District Court's denial of defendants' motion for monetary sanctions, REVERSE the District Court's denial of defendants' motion for attorney fees, and REMAND to the District Court for further proceedings consistent with this opinion.
 
 
 
 [1]
 Plaintiffs also filed a notice indicating their intent to appeal the grant of summary judgment in favor of the defendants. However, because they failed to submit the proper fee to the court, the appeal was dismissed for want of prosecution
 
 
 [2]
 Section 1988(b) of Title 42 of the United States Code provides in relevant part:
 In any action or proceeding to enforce [section 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.