NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0093n.06
Filed: February 8, 2005

No. 03-5650

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| GENERAL ELECTRIC COMPANY, a New York Corporation, through its GE Appliance business component,<br>　　　Plaintiff-Appellant, | ) ) ) ) ) | |
| GE INFORMATION SERVICES, INC.,<br>　　　Plaintiff | ) ) ) | **ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY** |
| MABE, S.A.,<br>　　　Plaintiff<br>v. | ) ) ) | |
| LATIN AMERICAN IMPORTS, S.A., dba LATAM,<br>　　　Defendant-Appellee, | ) ) ) ) | |
| GUILLERMO GONZALES NEUMANN,<br>　　　Defendant-Appellee | ) ) ) | |
| PERUSPHERE, S.A.,<br>　　　Defendant-Appellee. | ) ) ) | |

Before: COLE and ROGERS, Circuit Judges; COHN, District Judge.[*]

**ROGERS, Circuit Judge.** GE appeals the district court's denial of its request for attorneys' fees arising from litigation described in the companion case of *General Electric Co. v. Latin American Imports*, Nos. 03-5137 and 03-5213, also decided today. Because GE did not provide sufficient documentation to support its request for attorneys' fees and because a majority

_____

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

of the fees appear to have been generated in the defense of counterclaims for which GE cannot recover, we affirm.

GE is attempting to recover for attorneys' fees incurred during the litigation between itself and Latam.[1]  The guaranty under which GE was attempting to recover provided that GE would be reimbursed for "reasonable attorney fees . . . incurred by [GE] in the enforcement of [the] guaranty" and that the guaranty would be "governed by the law of the State of New York."  In moving for attorneys' fees under the guaranty,  GE submitted a declaration ("the Bogard declaration") from GE's corporate counsel, Hal N. Bogard, which stated:

> I have reviewed each of the statements for fees and disbursements received by GE from outside counsel, and have been involved in the approval of each of the statements.  These fees total $658,468.30 . . . . I have reviewed each of the statements and have determined that the attorney fees were reasonably necessary to enforce GE's right under the Guaranty executed by Guillermo Gonzalez *and to rebut the defense asserted by Gonzales*, *to the effect that each of the claims asserted by him in the Second Amended Counterclaim constituted a defense to the collection under the Guaranty*.

JA 70 (emphasis added).  The declaration did not attempt to separate the amount of fees expended on its affirmative claim under the guaranty from those expended in defense of Latam's counterclaims.  The district court, however, denied GE's request for attorneys' fees because GE did not provide sufficient documentation to support its request for fees, and because a majority of the fees were produced in the litigation of counterclaims for which GE could not recover.  Although the

---

[1]The facts of the underlying dispute between GE and Latam are set forth in detail in the case of *General Electric Co. v. Latin American Imports*, Nos. 03-5137 and 03-5213, also decided today.

district court applied inapplicable Second Circuit law in reaching this conclusion, the denial of

attorneys' fees was in any event appropriate under Sixth Circuit law. Thus, the decision of the

district court is affirmed.

In denying the motion for attorneys' fees, the district court appeared to rely upon Second

Circuit law because "[t]he parties agree[d] that New York law governs the enforceability of the

attorneys' fees provision of the guaranty." JA 728 n.1. While it is correct that, per the contractual

choice-of-law provision agreed to by the parties, New York law governs the substantive aspects of

disputes arising under the guaranty, pursuant to the doctrine of *Erie R. Co. v. Tompkins*, 304 US 64

(1938), federal law governs the procedural aspects of such cases. *First Bank of Marietta v. Hartford*

*Underwriters Ins. Co.*, 307 F.3d 501, 528 (6th Cir. 2002).

In *Marietta*, this court considered a general attorney fee statute to be procedural rather than

substantive in nature, where the award of attorneys fees was based upon the conduct of the parties

in filing and litigating the claim, rather than upon the underlying merits of the claim. *Id.* at 529.

Similarly, the requirement at issue in this case, the type and amount of documentation needed to

support a request for attorneys' fees, relates only to conduct required by the parties and does not

relate to the underlying merits of the claim. Accordingly, it is a requirement properly characterized

as "procedural" under the doctrine of *Erie* and should be analyzed using Sixth Circuit law.

The Bogard declaration was insufficient to support GE's request for attorneys' fees under

Sixth Circuit law. In *Perotti v. Seiter*, 935 F.2d 761, 764 (6th Cir. 1991), this court stated that a

party seeking attorneys' fees "has the burden of providing for the court's perusal a particularized

billing record." *See also Moore v. Freeman*, 355 F.3d 558, 566 (6th Cir. 2004) (stating that "the

attorney seeking compensation retains the burden of documenting the number of hours spent on the

case and of maintaining records in a way that would allow a court to determine how much time was

spent on each claim."); *Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview

Raceway*, 46 F.3d 1392, 1402 (6th Cir. 1995) (stating that the party seeking attorneys' fees must

present "'evidence supporting the hours worked and rates claimed'") (internal citations omitted).

We recognize that an unpublished opinion of this court, *Palazzolo v. Benson*, No. 95-1067, 1996 WL

156699, at *4 (6th Cir. Apr. 03, 1996), found that the lower court in that case abused its discretion

in denying attorneys fees on several grounds, reasoning in part that a trial court should decide

whether a party is entitled to attorneys' fees before the party is required to submit documentation

to support its request. However, given the requirement set forth in later, published opinions that the

claimant at least provide the hours worked and the rates charged when requesting attorneys' fees,

we cannot find the district court to have abused its discretion in this case.

GE did not sufficiently document its request for attorneys' fees. The Bogard declaration did

not set forth the number of hours worked or the rates charged by attorneys working for GE. Rather,

it simply stated that it was entitled to $658,468.30, an amount significantly higher than the

$214,693.57 that GE was suing for under the guaranty. As the Bogard declaration was missing even

the minimum requirements of hours worked and rates charged, the decision of the district court was

not an abuse of discretion.

The failure to set forth hours was particularly significant because, as the district court properly held, GE should not be allowed to recover attorneys' fees for time spent defending against Latam's counterclaims. Whether GE is allowed to recover for time spent defending against Latam's counterclaims is a matter relating to the underlying substantive claims between the parties. The issue is therefore properly characterized as substantive under the *Erie* doctrine and, accordingly, state law applies. *See First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 528 (6th Cir. 2002) (indicating that when the issue of whether to award attorneys' fees depends on the underlying substantive claim, the issue is substantive in nature); *Alyeska Pipe Line Service Co. v. Wilderness Society*, 421 U.S. 240, 359-60 n.31 (1975) (indicating that in the typical diversity case, attorneys' fees should be awarded only if authorized under state law). As a result of the contractual choice-of-law provision, the proper state law to be applied is New York's.

It does not appear that New York courts have addressed when a party should be allowed to recover for fees incurred while defending against counterclaims; however, courts in the District of Columbia and other jurisdictions have. In *Kudon v. f.m.e. Corp.*, 547 A.2d 976, 980 (D.C. 1988), a four-factor test was developed to guide the decision of "whether a party requesting an award of attorneys' fees pursuant to a contract provision is entitled to a fee recovery for defending a claim by the party opposing payment of such fees." The factors are as follows:

> (1) whether the party requesting the fees was responsible for precipitating the litigation;
>
> (2) whether the litigation for which the party relying on the contract provision recovers the fees was bona fide and made necessary by the party opposing payment of such fees;

(3) whether the claim asserted by the party opposing payment of such fees was raised by way of offset in an attempt to reduce or extinguish the debt owed to the party requesting fees; and

(4) whether it was necessary for the party requesting the fees to defend against the claim of the party opposing the fees in order to collect the underlying contractual obligation

*Id.* (citations omitted). Courts in Vermont and Kentucky have also utilized this test for similar claims. *See Wright v. Doolin*, 607 A.2d 1137, 1139 (Vt. 1992); *Tomeo v. Rubarts*, No. 2002-CA-002464-MR, 2003 WL 22872406, at *2 (Ky. Ct. App. Dec. 5, 2003); *cf. Cordova v. Southwestern Bell Yellow Pages*, __S.W.3d__, No. 08-03-00362-CV, 2004 WL 1800731, *3 (Tx. App. Aug. 12, 2004) (noting that "[f]ees attributable to the defense of a counterclaim are not recoverable unless the facts necessary for the plaintiff to recover also serve to defeat the counterclaim").

Application of the four-factor test set forth in *Kudon* supports the district court's denial of attorneys' fees incurred in the litigation of counterclaims brought by Latam. Although Latam was responsible for precipitating the litigation by admittedly failing to pay GE over $200,000 for liabilities incurred in connection with the Distributorship Agreement, the counterclaims were independently brought in a different district, and presumably would have been brought without the guaranty claim. While the action to recover the money owed to GE under the guaranty was bona fide and made necessary by Latam's initial refusal to render payment, the claims asserted by Latam were not originally raised as a defense. Instead, they were raised in a totally separate action and, by way of consolidation, transformed into counterclaims and affirmative defenses. Notably, Latam

did not answer GE's complaint until March of 2002, approximately three years after it was filed.

During those three years, it does not appear that GE took any action to force Latam to respond to

its complaint or to proceed on its claim under the guaranty. When Latam finally did answer GE's

complaint, Latam did not dispute liability; rather, Latam only disputed that the debt was currently

owed. Despite the admission by Latam that it was liable to GE under the guaranty, GE never moved

for summary judgment on the claim. Under the four-factor test set forth in *Kudon*, GE should not

be able to recover for the fees incurred in the defense of Latam's counterclaims.

For the foregoing reasons, the judgment of the district court is AFFIRMED.