SPEICHER v COLUMBIA TOWNSHIP BOARD OF ELECTION
COMMISSIONERS

Docket No. 307368. Submitted December 12, 2012, at Grand Rapids.
Decided December 20, 2012, at 9:15 a.m. Leave to appeal sought.

Kenneth J. Speicher brought an action in the Van Buren Circuit Court
against the Columbia Township Board of Election Commissioners,
alleging violations of the Open Meetings Act (OMA), MCL 15.261 *et
seq.* The court, Paul E. Hamre, J., granted summary disposition in
favor of plaintiff, but denied plaintiff's request for injunctive relief.
Plaintiff sought attorney fees and costs totaling $32,484.25 under
MCL 15.271(4). Defendant contested the request, asserting that the
claimed attorney fees were clearly excessive. The court held that a
successful litigant is entitled to actual attorney fees under MCL
15.271(4) when the claimed attorney fees are for the OMA action, but
that some of the attorney fees claimed by plaintiff were not for the
OMA action and, therefore, plaintiff could not recover those fees. The
court further held that the requested fees were clearly excessive in
violation of the Michigan Rules of Professional Conduct. The court
ultimately ruled that plaintiff was only entitled to recover $7,500 in
attorney fees. Plaintiff appealed as of right.

The Court of Appeals *held*:

1. Under MCL 15.271(4), a successful plaintiff in an OMA action
is entitled to receive his or her actual attorney fees. The term "actual"
means (1) existing in act, fact, or reality or (2) real. The imposition of
attorney fees under the OMA is mandatory. However, those fees must
be for the OMA action and cannot be unrelated to the OMA claims.
The burden of proving the fees rests on the claimant of those fees. In
this case, the research performed by plaintiff's attorney that con-
cerned election law was not related to plaintiff's OMA claims, and the
time that plaintiff's attorney billed for election law research could not
be included in the calculation of plaintiff's actual attorney fees under
MCL 15.271(4). Given a lack of clarity in the billing records of
plaintiff's attorney, however, remand was necessary for an eviden-
tiary hearing to determine what time was spent by plaintiff's attor-
ney on the OMA action.

2. MRPC 1.5(a) generally bars attorneys from charging illegal
or clearly excessive fees. The Legislature cannot exempt attorneys

from compliance with the rules of professional conduct, and courts have the authority and obligation to take affirmative action to enforce the ethical standards set forth by those rules. The Legislature delegated the determination of public policy regarding the activities of the State Bar of Michigan to the judiciary in MCL 600.904. Thus, conduct that violates the rules of professional conduct violates public policy. MRPC 1.5(a) is a public policy restraint on illegal or clearly excessive fees, and the broad prohibition in the rule extends to all situations in which attorney fees are sought to be collected in Michigan courts. Accordingly, the public policy restraint on illegal or clearly excessive attorney fees set forth in MRPC 1.5(a) is applicable to actions for actual attorney fees under the OMA.

3. Under MRPC 1.5(a), a fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. MRPC 1.5(a) sets forth a nonexhaustive list of factors to consider when determining if a fee is unreasonable and, therefore, clearly excessive. That list includes (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly, (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer, (3) the fee customarily charged in the locality for similar legal services, (4) the amount involved and the results obtained, (5) the time limitations imposed by the client or by the circumstances, (6) the nature and length of the professional relationship with the client, (7) the experience, reputation, and ability of the lawyer or lawyers performing the services, and (8) whether the fee is fixed or contingent. Although the circuit court was correct that the public policy against excessive attorney fees also applies to awards for actual attorney fees under the OMA, evidence was not submitted by either party regarding the majority of the factors set forth in MRPC 1.5(a), and the circuit court's conclusion that $7,500 was the appropriate fee was not supported by an adequate factual basis. Further fact-finding was required on remand to determine whether the claimed attorney fees for the OMA action were clearly excessive.

Affirmed in part, award vacated, and case remanded for an evidentiary hearing to determine the appropriate amount of actual attorney fees for the OMA action.

1. ACTIONS — OPEN MEETINGS ACT — ATTORNEY FEES.

A successful plaintiff in an action brought under the Open Meetings Act (OMA), MCL 15.261 *et seq.*, is entitled to receive his or her

actual attorney fees; the term "actual" means (1) existing in act, fact, or reality or (2) real; the imposition of attorney fees under the OMA is mandatory, but the claimed fees must be for the OMA action and cannot be unrelated to the OMA claims; the burden of proving the fees rests on the claimant of those fees (MCL 15.271[4]).

2. ACTIONS — OPEN MEETINGS ACT — ATTORNEY FEES — ILLEGAL OR EXCESSIVE FEES.

MRPC 1.5(a) generally bars attorneys from charging illegal or clearly excessive fees; the Legislature cannot exempt attorneys from compliance with the Michigan Rules of Professional Conduct, and the broad prohibition in MRPC 1.5(a) extends to all situations in which attorney fees are sought to be collected in Michigan courts, including actions for actual attorney fees under the Open Meetings Act, MCL 15.261 *et seq.*

3. ATTORNEY FEES — CLEARLY EXCESSIVE FEES — FACTORS TO CONSIDER.

Under MRPC 1.5(a), a fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee; MRPC 1.5(a) sets forth a nonexhaustive list of factors to consider when determining if a fee is unreasonable and, therefore, clearly excessive, including (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly, (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer, (3) the fee customarily charged in the locality for similar legal services, (4) the amount involved and the results obtained, (5) the time limitations imposed by the client or by the circumstances, (6) the nature and length of the professional relationship with the client, (7) the experience, reputation, and ability of the lawyer or lawyers performing the services, and (8) whether the fee is fixed or contingent.

*Silverman, Smith & Rice, P.C.* (by *Robert W. Smith*), for plaintiff.

*Plunkett Cooney* (by *Christine D. Oldani* and *Robert A. Callahan*) for defendant.

Before: HOEKSTRA, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM. In this attorney-fee case, plaintiff Kenneth J. Speicher appeals as of right the trial court's order denying his requested actual attorney fees under the Open Meetings Act (OMA), MCL 15.261 *et seq.*, and granting him an alternative amount of fees deemed reasonable by the trial court. We affirm in part because we conclude that actual attorney fees recoverable under MCL 15.271(4) may not be clearly excessive and only fees for the OMA action are recoverable; however, we vacate the award and remand for further proceedings consistent with this opinion because an evidentiary hearing is necessary for determination of the appropriate amount of actual attorney fees and the number of hours allocated to the OMA action.

This case arises from plaintiff's successful OMA action against defendant, the Columbia Township Board of Election Commissioners. On August 10, 2011, the trial court entered an order granting plaintiff's motion for summary disposition and finding that defendant twice violated the OMA. The trial court denied plaintiff's request for injunctive relief, but granted plaintiff's request for actual attorney fees and costs pursuant to MCL 15.271(4). Thereafter, plaintiff moved to recover attorney fees and costs totaling $32,484.25. Defendant responded to plaintiff's motion, arguing that the requested attorney fees were clearly excessive. The trial court heard arguments regarding the attorney fees at a hearing held on October 10, 2011. The trial court took the matter under advisement and issued a written opinion on November 8, 2011, holding that a litigant is entitled to actual attorney fees pursuant to MCL 15.271(4) only if the litigant is successful and the claimed attorney fees are for the action commenced. The trial court further held that plaintiff was successful, but that some of the claimed attorney fees were not for the OMA action; therefore, plaintiff could not re-

cover those fees. Finally, the trial court held that the requested attorney fees were clearly excessive in violation of the Michigan Rules of Professional Conduct and concluded that plaintiff was entitled to recover only $7,500 in attorney fees. Plaintiff now appeals as of right.

## I. LIMITATIONS ON THE RECOVERY OF "ACTUAL ATTORNEY FEES"

On appeal, plaintiff first argues that the trial court erred by reducing the amount of his award of attorney fees after concluding that his claim for actual attorney fees was clearly excessive. Plaintiff maintains that the trial court lacked the authority to reduce his actual attorney fees on the basis of its conclusion that the fees were clearly excessive because MCL 15.271(4) specifically permits recovery of "actual attorney fees" and does not include any provision permitting reduction based on other considerations.

Plaintiff's argument presents an issue of statutory interpretation. We review de novo issues of statutory interpretation. *Omdahl v West Iron Co Bd of Ed*, 478 Mich 423, 426; 733 NW2d 380 (2007). The goal of statutory interpretation is to discern the intent of the Legislature by examining the plain language of the statute. *Driver v Naini*, 490 Mich 239, 246-247; 802 NW2d 311 (2011). "When the language is clear and unambiguous, we will apply the statute as written and judicial construction is not permitted." *Id.* at 247.

MCL 15.271(4) provides that a successful plaintiff is entitled to receive his or her "actual attorney fees" incurred in an OMA action.[1] Within the context of MCL

---

[1] MCL 15.271(4) provides:

If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive

15.271(4), the Michigan Supreme Court interpreted the term "actual" with regard to attorney fees to mean " 'existing in act, fact, or reality; real.' " *Omdahl*, 478 Mich at 428, quoting *People v Yamat*, 475 Mich 49, 54 n 15; 714 NW2d 335 (2006) (quotation marks and citation omitted). In addition, this Court has held that in light of the plain language of the statute, the imposition of actual attorney fees under the OMA is mandatory. *Manning v East Tawas*, 234 Mich App 244, 253; 593 NW2d 649 (1999).

However, MRPC 1.5(a) generally bars attorneys from charging illegal or clearly excessive fees. Specifically, MRPC 1.5(a) mandates that "[a] lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee." The Legislature cannot exempt attorneys from compliance with the Michigan Rules of Professional Conduct. See *Attorney General v Pub Serv Comm*, 243 Mich App 487, 503-504; 625 NW2d 16 (2000). Moreover, courts have the authority and obligation to take affirmative action to enforce the ethical standards set forth by the Michigan Rules of Professional Conduct, and the rules apply to cases involving the imposition of attorney fees and the fees charged by attorneys. See MCL 600.904;[2] *Evans & Luptak, PLC v Lizza*, 251 Mich App 187, 194; 650 NW2d 364 (2002);

---

relief to compel compliance or to enjoin further noncompliance with the act and succeeds in obtaining relief in the action, the person shall recover court costs and actual attorney fees for the action.

[2] MCL 600.904 provides:

The supreme court has the power to provide for the organization, government, and membership of the state bar of Michigan, and to adopt rules and regulations concerning the conduct and activities of the state bar of Michigan and its members, the schedule of membership dues therein, the discipline, suspension, and disbarment of its members for misconduct, and the investigation and examination of applicants for admission to the bar.

*Smith v Khouri,* 481 Mich 519, 529-531, 537; 751 NW2d 472 (2008); *Reed v Breton,* 279 Mich App 239, 242; 756 NW2d 89 (2008). Further, the Legislature delegated the determination of public policy regarding the activities of the State Bar of Michigan to the judiciary pursuant to MCL 600.904; thus, conduct that violates the attorney discipline rules set forth in the rules of professional conduct violates public policy. *Evans & Luptak,* 251 Mich App at 195; *Morris & Doherty, PC v Lockwood,* 259 Mich App 38, 58; 672 NW2d 884 (2003).

In *Evans & Luptak,* this Court considered the effect of the Michigan Rules of Professional Conduct on the enforceability of a referral-fee agreement. In that case, the plaintiff brought a breach of contract action to recover payment of a referral fee; in defense to the lawsuit, the defendant argued that the fee agreement was unenforceable because the referral gave rise to a conflict of interest in violation of the rules. *Evans & Luptak,* 251 Mich App at 192. This Court held that the referral-fee agreement was unenforceable because the referral violated the rules of professional conduct and because conduct that violates those rules is against public policy, this Court declined to enforce the contract. *Id.* at 189, 195-197. Similarly, in *Morris & Doherty,* 259 Mich App at 45, this Court considered whether a referral-fee agreement between an attorney and an attorney with an inactive bar membership was enforceable. This Court concluded that because enforcement of the referral-fee agreement would violate the rules of professional conduct, the agreement was unenforceable because contracts in violation of those rules are void as a matter of public policy. *Id.* at 60.

Consistently with the holdings in both *Evans & Luptak* and *Morris & Doherty,* in which this Court refused to enforce attorney-fee agreements because the agree-

ments violated the public policy expressed in certain sections of the rules of professional conduct, we conclude that MRPC 1.5(a) also reflects this state's public policy concerning fee agreements. Specifically, MRPC 1.5(a) is a public policy restraint on illegal or clearly excessive fees.

In this case, plaintiff is requesting that defendant be ordered to pay the actual attorney fees that were accrued by the attorney he hired to pursue this OMA action. In this context, we must determine whether the policy stated by MRPC 1.5(a) is applicable to an action for actual attorney fees under the OMA. MRPC 1.5(a) specifically prohibits a lawyer from entering into an agreement for an illegal or clearly excessive fee and from charging or collecting such a fee. From this broad prohibition, it is clear that the public policy expressed in MRPC 1.5(a) against illegal or clearly excessive fees was meant to extend to all situations in which attorney fees are sought to be collected in the courts of this state. To hold otherwise would be in direct contravention of the clearly established public policy set forth by MRPC 1.5(a) because ultimately the intent of the rule is to prevent attorneys from receiving excessive payment for their work. Thus, we conclude that the public policy restraint on illegal or clearly excessive attorney fees is applicable to actions for actual attorney fees under the OMA.

## II. PLAINTIFF'S CHALLENGES TO THE TRIAL COURT'S FINDINGS

Alternatively, plaintiff argues that the trial court should have held an evidentiary hearing before determining that the claimed attorney fees were clearly excessive under MRPC 1.5(a). Plaintiff further argues that the trial court's decision to award $7,500 in attorney fees was not explained by the trial court and that

because there was no support for that amount in the record, the trial court merely selected an arbitrary number and, accordingly, abused its discretion. Finally, plaintiff argues that the trial court erred by reducing his claimed attorney fees on the basis of its finding that 36.65 hours billed by his attorney were not for the OMA action.

We turn first to plaintiff's argument regarding the trial court's conclusion that the claimed fees were clearly excessive and that $7,500 was an appropriate amount of compensation. We review a trial court's determination of the reasonableness of requested attorney fees for an abuse of discretion. *Taylor v Currie*, 277 Mich App 85, 99; 743 NW2d 571 (2007). "If the trial court's decision results in an outcome within the range of principled outcomes, it has not abused its discretion." *Id.* Additionally, the trial court's factual findings, if any, are reviewed for clear error. *Id.* "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake was made." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 296; 769 NW2d 234 (2009) (quotation marks and citation omitted).

Pursuant to MRPC 1.5(a), "[a] fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee." MRPC 1.5(a) also provides a nonexhaustive list of factors to consider when determining if a fee is unreasonable and, therefore, clearly excessive. These factors include:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent. [MRPC 1.5(a).]

The record shows that the hearing on plaintiff's motion for attorney fees was brief and plaintiff's attorney was not given the opportunity to testify in regard to the work performed on the case or the total fee. Plaintiff similarly did not testify. Thus, the trial court lacked an evidentiary basis on which to make findings in regard to many of the factors set forth in MRPC 1.5(a).

Despite lacking an evidentiary basis, the trial court concluded that the fee charged by plaintiff was clearly excessive. When making its decision, the trial court cited the factors found in MRPC 1.5(a) and concluded as follows:

Reviewing the above factors in light of the relative simplicity of the case, leads the court to conclude that an award of attorney fees to Plaintiff in excess of $30,000.00 [sic] is clearly excessive and not justified. The case was not complex as the Defendant admitted to the violations of the Open Meetings Act. In addition, the Plaintiff was not successful in obtaining injunctive relief in this case. Based

on a review of the file and the above factors, the court finds
that thirty hours at $250.00 per hour for a total of $7500.00
is a reasonable fee.

Initially, we agree with plaintiff that he should have
had an opportunity to defend the amount of the claimed
attorney fees and to present evidence in regard to the
eight factors listed in MRPC 1.5(a). The record in this
case reveals that neither party submitted evidence to
the trial court regarding the majority of the factors set
forth in MRPC 1.5(a). Moreover, neither party specifi-
cally addressed the factors set forth in MRPC 1.5(a).
Rather, the arguments before the trial court focused on
whether the court could even consider if the fee was
clearly excessive. Because the parties did not present
evidence regarding the MRPC 1.5(a) factors to the trial
court in this case, we conclude that an evidentiary
hearing is necessary to create a record that will enable
meaningful appellate review. See *Herald Co, Inc v Tax
Tribunal*, 258 Mich App 78, 92-93; 669 NW2d 862
(2003). We also agree with defendant that the factual
basis supporting the trial court's conclusion that $7,500
is the appropriate fee was inadequate. The trial court
explained its decision only by stating that it was
"[b]ased on a review of the file" and the factors set forth
in MRPC 1.5(a). While the trial court file might contain
an adequate factual basis to support the trial court's
conclusions, we cannot review those conclusions with-
out speculating about the trial court's factual basis.
Consequently, we also remand this case for further
fact-finding in regard to whether the claimed attorney
fees are clearly excessive. On remand, the trial court
should conduct an evidentiary hearing and thereafter
make specific factual findings to support its conclusion
regarding the actual attorney fees to be awarded and
explain whether and why any greater attorney fee
award would be clearly excessive.

Next, we address plaintiff's argument that the trial court erred by concluding that only fees related to an OMA action are recoverable under MCL 15.271(4) and that the trial court's factual findings leading to its conclusion that 36.65 hours of work were not performed for the OMA action were clearly erroneous. First, we consider plaintiff's argument that the trial court erred by concluding that MCL 15.271(4) only permits recovery of attorney fees that are specifically for an OMA action. This issue raises a question of statutory interpretation that we review de novo. *Omdahl*, 478 Mich at 426. When interpreting statutes, as noted earlier in this opinion, we apply the clear and unambiguous language of the statute to discern and give effect to the intent of the Legislature. *Driver*, 490 Mich at 246-247.

As enacted by the Legislature in 1968, the OMA was intended to foster governmental accountability and disclosure. *Omdahl*, 478 Mich at 427. The original language employed in the OMA lacked adequate enforcement mechanisms or penalties for noncompliance with the act. *Id.* As a result, the Legislature repealed the act and reenacted it with new enforcement provisions in 1976 PA 267. *Omdahl*, 478 Mich at 427. "One of these newly enacted enforcement provisions was MCL 15.271(4), which provided that a successful party could recover court costs and actual attorney fees." *Id.* Specifically, MCL 15.271(4) provides as follows:

> If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and succeeds in obtaining relief in the action, *the person shall recover court costs and actual attorney fees for the action.* [Emphasis added.]

Although MCL 15.271(4) provides for the imposition of "actual attorney fees," the statute declares that such

fees must be "for the action." When this Court interprets a statute, "[w]e presume that every word of a statute has some meaning and must avoid any interpretation that would render any part of a statute surplusage or nugatory. As far as possible, effect should be given to every sentence, phrase, clause, and word." *Mich Farm Bureau v Dep't of Environmental Quality*, 292 Mich App 106, 132; 807 NW2d 866 (2011) (citation omitted). Giving effect to the plain meaning of the requirement that actual attorney fees be "for the action," the fees charged by a successful litigant under the OMA must be for that action and cannot be unrelated to the OMA claims. Because the plain language of MCL 15.271(4) requires that the fees charged must be "for the action," we agree with the trial court that a litigant cannot include within its list of "actual attorney fees" matters unrelated to the OMA action.

We next consider plaintiff's claim that the trial court erred by concluding that 36.65 hours of the claimed attorney fees were not for the OMA action. As noted earlier, we review for clear error a trial court's factual findings underlying an award of attorney fees. *Marilyn Froling Trust*, 283 Mich App at 296. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake was made." *Id.* (quotation marks and citation omitted).

In its brief in response to plaintiff's motion for actual attorney fees, defendant identified 36.65 hours for which plaintiff's attorney had billed plaintiff that defendant asserted were unrelated to plaintiff's OMA case. In its written opinion, the trial court stated that it was "in agreement with Defendant's position that 36.65 hours of attorney fees at $250.00 per hour for a total of

$9,162.50 requested attorney fees are not related to the violations complained of in Plaintiff's lawsuit."

On appeal, plaintiff admits in his brief that many of the billed hours related to election law violations; however, plaintiff contends that his attorney had to conduct research on election law in order to determine whether he had legitimate OMA claims as well as to determine whether he should seek injunctive relief given defendant's repeated failure to comply with election law. We disagree.

Research of election law was not necessary to determine if plaintiff had a viable OMA claim. Rather, to determine if plaintiff had a viable OMA claim, plaintiff's attorney needed only to determine whether defendant's failure to allow public comment and its failure to read the minutes from the previous meeting were violations of the OMA. These issues were straightforward and largely undisputed before the trial court. Plaintiff's claims regarding election law violations were not relevant to whether defendant violated the OMA. Those claims may have been relevant to explain why plaintiff attended the meeting in the first instance, but they had no relevance to whether defendant violated the OMA. Additionally, the alleged election law violations had no bearing on whether plaintiff should have sought injunctive relief. Indeed, the complaint reveals that plaintiff sought injunctive relief to "[e]njoin[ ] the Township from further non-compliance with the OMA . . . ." Contrary to plaintiff's assertions on appeal, plaintiff's request for injunctive relief was not related to his concerns that defendant would continue to violate election law.

Further, we reject plaintiff's claim that his attorney had a duty to research election law under MCR 2.114(D)(2), which provides that an attorney's signature on a document certifies that "to the best of his or her knowledge,

information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law[.]" In this case, the only claims for which plaintiff sought relief in his complaint were his OMA claims; he did not request relief for any of the alleged election law violations. Therefore, in order for the complaint to be "warranted by existing law," plaintiff's attorney only had to determine whether the alleged OMA violations were warranted by existing law. Election law research was not a necessary part of that inquiry.

Therefore, we conclude that the time billed by plaintiff's attorney for election law research was not for the OMA action and, accordingly, cannot be included in the calculation of plaintiff's actual attorney fees under MCL 15.271(4). However, we note that the record is unclear with regard to the subject matter of all the billed hours. Specifically, several of plaintiff's attorney's billing entries fail to identify whether the attorney's research concerned election law or the OMA case. Further, several billing entries appear to refer to both OMA-related work and election law matters. Given the lack of clarity in plaintiff's attorney's billing records, we are unable to determine whether the trial court's finding that he billed 36.65 hours that were not "for the action" was clearly erroneous. Thus, we conclude that remand is necessary for an evidentiary hearing to determine what time was spent by plaintiff's attorney on the OMA action and what time was spent on election law issues.[3] See *Van*

---

[3] On remand the trial court should also recalculate the dollar amount that corresponds to the number of billed hours it concludes were not related to the OMA action because in its previous order it failed to account for plaintiff's attorney's rate increase after January 1, 2011. Thus, the trial court must multiply each hour billed before January 1, 2011, by $250, but must multiply billed hours after January 1, 2011, by

*Elslander v Thomas Sebold & Assoc, Inc*, 297 Mich App 204, 219; 823 NW2d 843 (2012) (remanding an action involving an award of case evaluation sanctions for an evidentiary hearing because it was unclear from the attorney's billing records which tasks could be taxed as costs because the billing entries lumped several tasks together).

In summary, we hold that the prohibition of illegal or clearly excessive attorney fees under MRPC 1.5(a) applies to and limits the "actual attorney fees" a party is entitled to under MCL 15.271(4). We remand for an evidentiary hearing to determine the appropriate amount of attorney fees and to allow plaintiff to present evidence in support of his claim that the requested attorney fees are not excessive. We note that "[t]he burden of proving the fees rests upon the claimant of those fees." *Tinnin v Farmers Ins Exch*, 287 Mich App 511, 517; 791 NW2d 747 (2010). Thus, on remand plaintiff bears the burden of establishing that his requested fees are not clearly excessive. Finally, we conclude that the trial court correctly held that attorney fees awarded under MCL 15.271(4) are limited to fees related to the OMA action; however, we remand for an evidentiary hearing to clarify the exact number of hours allocated to the OMA action because the billing statement of plaintiff's attorney is ambiguous in that regard.

We affirm in part, vacate the award, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs are taxable pursuant to MCR 7.219, neither party having prevailed in full.

HOEKSTRA, P.J., and BORRELLO and BOONSTRA, JJ., concurred.

---

$275 because the record indicates that after January 1, 2011, plaintiff's attorney began billing at the higher rate.