# STATE OF MICHIGAN

# COURT OF APPEALS

In re MARDIGIAN Estate.

MARK S. PAPAZIAN, Executor for the Estate of
ROBERT DOUGLAS MARDIGIAN,

      Appellant,

v

MELISSA GOLDBERG, SUSAN V. LUCKEN,
NANCY VARBEDIAN, EDWARD
MARDIGIAN, GRANT MARDIGIAN,
MATTHEW MARDIGIAN, and JP MORGAN
CHASE BANK, NA,

      Appellees.

FOR PUBLICATION
October 8, 2015

No. 319023
Charlevoix Probate Court
LC No. 12-011738-DE;
      12-011765-TV

Before: WILDER, P.J., and SERVITTO and STEPHENS, JJ.

Servitto, J. (*dissenting*).

      I respectfully dissent. The majority is correct that *In re Powers Estate*, 375 Mich 150; 134 NW2d 148 (1965) stands for the proposition that instruments drafted by an attorney that propose to give a gift or devise to the attorney or his family members may be appropriate so long as such gift does not result from undue influence.

      However, *Powers* was decided long before the 1988 enactment of the MRPC, or even its predecessor, the Code of Professional Conduct, which was adopted in 1971. See *Evans & Luptak, PLC v Lizza*, 251 Mich App 187, 194; 650 NW2d 364 (2002). MRPC 1.8(c) now specifically prohibits this conduct. Moreover, this Court has held, in the context of a referral fee contract sought to be upheld by the attorney, a contract is unethical when it violates the MRPC, and "unethical contracts violate our public policy and therefore are unenforceable." *Id*. at 189.

      The *Lizza* Court agreed with our Supreme Court's findings that "[i]t would be absurd if an attorney were allowed to enforce an unethical fee agreement through court action, even though the attorney potentially is subject to professional discipline for entering into the agreement." *Lizza*, 251 Mich App at 196 (internal quotation marks and citations omitted). While the majority correctly notes that a will is not a contract, it would nonetheless be equally

-1-

absurd to allow appellant to benefit from his actions in the instant case where he would be also subject to such discipline for them. And, given the discussion in *Lizza*, including its reliance on *Abrams v Susan Feldstein, PC*, 456 Mich 867; 569 NW2d 160 (1997), as well as the enactment of the subsequent rules governing attorney conduct, this Court could conclude that the specific holding in *Powers* relied upon so heavily by appellant has now been superseded by subsequent Supreme Court actions.

With respect to public policy issues, our Supreme Court has stated:

. . . the proper exercise of the judicial power is to determine from objective legal sources what public policy *is,* and not to simply assert what such policy *ought* to be on the basis of the subjective views of individual judges.

***

In identifying the boundaries of public policy, we believe that the focus of the judiciary must ultimately be upon the policies that, in fact, have been adopted by the public through our various legal processes, and are reflected in our state and federal constitutions, our statutes, and the common law. [*Terrien v Zwit*, 467 Mich 56, 66-67; 648 NW2d 602 (2002)].

The *Terrien* Court also stated, "[w]e note that, besides constitutions, statutes, and the common law, administrative rules and regulations, and *public rules of professional conduct* may also constitute definitive indicators of public policy." *Id*. at 67, n 11 (emphasis added). In fact, our Supreme Court is charged with promulgating the rules regarding the ethical conduct of attorneys in Michigan. MCL 600.904 provides:

The supreme court has the power to provide for the organization, government, and membership of the state bar of Michigan, and to adopt rules and regulations concerning the conduct and activities of the state bar of Michigan and its members, the schedule of membership dues therein, the discipline, suspension, and disbarment of its members for misconduct, and the investigation and examination of applicants for admission to the bar.

It also has "the authority and obligation to take affirmative action to enforce the ethical standards set forth by the Michigan Rules of Professional Conduct." *Speicher v Columbia Tp Bd of Election Com'rs*, 299 Mich App 86, 91; 832 NW2d 392 (2012). Because "the Legislature delegated the determination of public policy regarding the activities of the State Bar of Michigan to the judiciary pursuant to MCL 600.904 . . . conduct that violates the attorney discipline rules set forth in the rules of professional conduct violates public policy." *Id*. at 92.

I would also note that while the majority cites to the ability to rebut a presumption of undue influence with respect to trusts and wills as a protection, the majority makes no mention of MCL 700.7410(1), governing trusts, which provides:

In addition to the methods of termination prescribed by sections 7411 to 7414, a trust terminates to the extent the trust is revoked or expires pursuant to its terms, no purpose of the trust remains to be achieved, or the purposes of the trust have

become impossible to achieve or are found by a court to be unlawful *or contrary to public policy.* (emphasis added)

MCL 700.2705 similarly provides:

> The meaning and legal effect of a governing instrument other than a trust are determined by the local law of the state selected in the governing instrument, unless the application of that law is contrary to the provisions relating to the elective share described in part 2 of this article, the provisions relating to exempt property and allowances described in part 4 of this article, or another public policy of this state otherwise applicable to the disposition.

Thus, once the trial court has found the terms of a trust or instrument of disposition to be contrary to public policy the legal effect of the instrument is a foregone conclusion and the meaning of the instrument is no longer open to interpretation or subject to dispute concerning intent. Given the above statutory provisions, longstanding caselaw, and the language of MRPC 1.8(c), I disagree with the majority's conclusion that *Powers*, supra, requires remand for further proceedings where appellant would be required to overcome the presumption of undue influence. I would instead find that the trial court did not err when it found that the devises to appellant and his children in the June 8, 2011, will and the August 13, 2010, trust were void as against public policy and I would affirm.


/s/ Deborah A. Servitto