# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL ZORAN, KYLE SUNDAY, and
AUSTIN ADAMS,

        Plaintiffs-Appellants,

v

TOWNSHIP OF COTTRELLVILLE,

        Defendant,

and

KELLY ANN LISCO, also known as KELLY
ANN FISCELLI-LISCO and KELLY ANN
FISCELLI,

        Defendant-Appellee.

FOR PUBLICATION
December 28, 2017
9:00 a.m.

No. 334886
St. Clair Circuit Court
LC No. 13-001841-CZ

Before: MURRAY, P.J., and FORT HOOD and GLEICHER, JJ.

PER CURIAM.

        Plaintiffs appeal as of right the final judgment entered by the trial court in this Open Meetings Act (OMA), MCL 15.261 *et seq*., action. Specifically, plaintiffs challenge the trial court's award of attorney fees. For the reasons stated herein, we vacate the trial court's order and remand for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

        Plaintiffs filed this OMA suit against defendants, the Township of Cottrellville[1] and Kelly Ann Lisco,[2] as a result of actions taken at the Township's May 8, 2013 board meeting. At

---

[1] The Township of Cottrellville is not a party to this appeal.

[2] Lisco is also known as Kelly Ann Fiscelli-Lisco and Kelly Ann Fiscelli.

the time of the meeting, Lisco was the township supervisor. Counts I to III of the complaint[3] asserted violations of MCL 15.263(5) against the Township, and Count IV alleged that Lisco intentionally violated the OMA in contravention of MCL 15.273.

The trial court granted plaintiffs' motion for summary disposition with regard to Counts I to III, determining that the Township violated the OMA.[4] It then held a bench trial for the remaining OMA claim against Lisco, and concluded that Lisco intentionally violated the OMA in contravention of MCL 15.273(1).

Following the trial court's decision, plaintiffs filed a motion pursuant to MCL 15.273(1), requesting that the court order Lisco to pay their attorney fees. Specifically, they requested reimbursement at an hourly rate of $250, the rate charged by counsel per their attorney-client agreement, and asserted that MCL 15.273(1) mandates that a public official who intentionally violates the OMA pay the actual attorney fees of those persons bringing the action. In response, Lisco argued that the hourly rate of $250 requested by plaintiffs was clearly excessive in violation of Michigan Rule of Professional Conduct (MRPC) 1.5(a).

At the motion hearing, the parties made arguments consistent with those made in their briefs. But ultimately, the trial court agreed with Lisco, finding plaintiffs' requested hourly rate of $250 to be clearly excessive in violation of MRPC 1.5(a). In so doing, it examined the factors this Court used in *Speicher v Columbia Twp Bd of Election Comm'rs*, 299 Mich App 86, 94-95; 832 NW2d 392 (2012), to evaluate a request for attorney fees under MCL 15.271(4), a provision which, like MCL 15.273(1), requires the payment of actual attorney fees for noncompliance with the OMA, and awarded plaintiffs attorney fees at a reduced hourly rate of $200. The court's final judgment reflected these findings and conclusions, and ordered that Lisco pay plaintiffs' attorney fees in the amount of $12,392.

## II. ANALYSIS

Plaintiffs argue that the trial court erred by awarding attorney fees at a reduced hourly rate of $200. In so doing, they assert that: (1) MCL 15.273(1) requires the payment of *actual* attorney fees for intentional violations of the OMA, (2) a party opposing a request for attorney fees must raise MRPC 1.5(a) as an affirmative defense, and (3) they presented unrebutted evidence that the requested hourly fee of $250 was not clearly excessive.

---

[3] Plaintiff Michael Zoran filed a second amended complaint adding a quo warranto claim against Lisco, but the trial court dismissed the claim as moot.

[4] Although not at issue on appeal, we note that following the court's decision, plaintiffs filed a motion against the Township pursuant to MCL 15.271(4), requesting payment of their attorney fees at an hourly rate of $250. The trial court ultimately awarded plaintiffs attorney fees, but at a reduced hourly rate of $200, concluding that the $250-per-hour rate agreed to between plaintiffs and their counsel was clearly excessive under Michigan Rule of Professional Conduct (MRPC) 1.5(a). This Court denied plaintiffs' application for leave to appeal the trial court's decision. *Zoran v Twp of Cottrellville*, unpublished order of the Court of Appeals, entered May 16, 2014 (Docket No. 321256).

"We review a trial court's determination of the reasonableness of requested attorney fees for an abuse of discretion." *Speicher*, 299 Mich App at 94.[5] " 'If the trial court's decision results in an outcome within the range of principled outcomes, it has not abused its discretion.' " *Id.*, quoting *Taylor v Currie*, 277 Mich App 85, 99; 743 NW2d 571 (2007). A trial court's factual findings are reviewed for clear error. *Speicher*, 299 Mich App at 94. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake was made." *Id.* (citation and quotation marks omitted).

The trial court ordered Lisco to pay plaintiffs' attorney fees pursuant to MCL 15.273(1), which states: "A public official who intentionally violates this act *shall* be personally liable in a civil action for actual and exemplary damages of not more than $500.00 total, plus court costs and actual attorney fees to a person or group of persons bringing the action." (Emphasis added.) Despite the requirement that "actual attorney fees" be awarded, the court awarded fees at a reduced hourly rate of $200, rather than the actual hourly rate of $250 requested by plaintiffs.

Plaintiffs first argue that the trial court erred by awarding attorney fees at a reduced hourly rate of $200 because the plain terms of MCL 15.273(1) require the payment of actual attorney fees. In *Speicher*, 299 Mich App at 93, this Court held that MRPC 1.5(a) and "the public policy restraint on illegal or clearly excessive attorney fees is applicable to actions for actual attorney fees under the OMA." Thus, plaintiffs are incorrect that "actual" attorney fees must *always* be awarded because of the plain language of MCL 15.273(1), as a court has the discretion to award attorney fees at a reduced rate if it finds the actual attorney fees to be clearly excessive.

Plaintiffs attempt to distinguish *Speicher*, arguing that there, the trial court reduced the requested attorney fees *sua sponte*, whereas here, "an *opposing party* (i.e. Defendant Fiscelli) seeks to use the ethics rules to challenge a contracted-for fee amount as being in violation of MRPC 1.5(a)." Therefore, they assert, Lisco should have been required to plead MRPC 1.5(a) as an affirmative defense to the requested attorney fees, and bear the burden of proving that the attorney fees requested were clearly excessive.

Initially, we note that the trial court in *Speicher* did not *sua sponte* reduce the requested attorney fees, as plaintiffs maintain. Instead, as in this case, the plaintiff filed a motion for attorney fees in response to which the defendant argued that the requested fees were clearly excessive. *Speicher*, 299 Mich App at 89. Thus, we see no meaningful distinction.[6] Further,

---

[5] Plaintiffs assert that because MCL 15.273(1) requires the payment of actual attorney fees, the abuse of discretion standard cannot apply to the trial court's decision. But this Court applied the abuse of discretion standard in *Speicher*, 299 Mich App at 94, to analyze a trial court's award of attorney fees pursuant to MCL 15.271(4), which like MCL 15.273(1), requires the payment of actual attorney fees for noncompliance with the OMA. MCL 15.271(4). We are bound to follow prior published decisions of this Court under the rule of stare decisis. MCR 7.215(C)(2).

[6] We do note that, in *Speicher*, 299 Mich App at 101, this Court remanded to the trial court "for an evidentiary hearing to determine the appropriate amount of attorney fees and to allow [the]

-3-

plaintiffs' argument that Lisco should have been required to plead MRPC 1.5(a) as an affirmative defense, and prove that the fees plaintiffs requested were clearly excessive, lacks merit. As stated above, the *Speicher* Court allowed a challenge to a request for attorney fees under the OMA made in response to the motion for attorney fees, rather than as an affirmative defense. *Speicher*, 299 Mich App at 89. And it also specifically reasoned that the plaintiff bore the burden of proving that the requested fees were not clearly excessive because " '[t]he burden of proving the fees rests upon the claimant of those fees.' " *Id*. at 101 (citation omitted; alteration in original). There is no reason that this same burden of proof should not have applied to plaintiffs' request for attorney fees.

Although we disagree with plaintiffs that MCL 15.273(1) is a statutory guarantee without exception, we do agree that the trial court erred in its application of the "clearly excessive" standard contained within MRPC 1.5(a).[7] Specifically, when deciding whether the $250 hourly rate satisfied that standard, the court concluded that "an hourly rate of $200 per hour is reflective of the fee customarily charged in this locality for similar legal services or those with similar difficulty." But the test is not whether the fee is reflective of the locality's customary charge, but rather whether the fee was "clearly excessive," meaning that "after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee." MRPC 1.5(a). Presumably, the trial court's conclusion that a $200 hourly rate

---

plaintiff to present evidence in support of his claim that the requested attorney fees are not excessive." Plaintiffs do not argue here that the trial court should have held an evidentiary hearing before awarding attorney fees.

[7] MRPC 1.5(a) provides:

(a) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee. A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

is customary in St. Clair county is a determination that a $200 rate is a reasonable one; but the next question to answer is whether a lawyer of ordinary prudence would have a *firm conviction* that a $250 hourly rate is *in excess* of that reasonable rate.

Because of the high standard contained within MRPC 1.5(a), which is essentially an articulation of the clear and convincing evidence burden of proof, a fee that is slightly-or even moderately-above a reasonable fee cannot be *"clearly* excessive." Indeed, the Supreme Court has recognized that an unreasonable fee is not necessarily a clearly excessive one:

> We note that a trial court's determination under subsection 16(3) that the owner's attorney fees are unreasonable does not necessarily mean that the owner's fees are "clearly excessive" in violation of MRPC 1.5(a). This is because the ethics rule provides that a fee is "clearly excessive" only when "a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee." [*Dep't of Transp v Randolph*, 461 Mich 757, 766 n 12; 610 NW2d 893 (2000).]

Consequently, it was proper for the trial court to evaluate what is a reasonable fee (and by necessity the reasonable hourly rate) through application of the factors set forth in MRPC 1.5(a), as what is reasonable must first be determined before it can be decided that something is in excess of what is reasonable. But the trial court should not have stopped there, as it should have then determined whether the $250 hourly rate was "clearly excessive," by considering whether a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee." Its failure to do so requires that we vacate the order so that the trial court can make that determination in the first instance.

The trial court's order is vacated, and this matter is remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

No costs to either side.

/s/ Christopher M. Murray
/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher